■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of AARON S., Also Known as AARON D., Respondent. ELLEN S., Appellant. [626 NYS2d 227] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of a "fact-finding order and order of disposition" (one paper) of the Family Court, Suffolk County (Freundlich, J.), dated March 24, 1993, as, after a fact-finding hearing, made an affirmative finding of neglect against her.

Ordered that the "fact-finding order and order of disposition" is affirmed insofar as appealed from, without costs or disbursements.

The appellant mother challenges the determination of the Family Court that she neglected her then-eight-year-old son Aaron by subjecting him to a continuous course of treatment for central apnea, an ailment he did not have. Rather, the Family Court found the appellant and her son presented a

case of Munchausen Syndrome by Proxy (hereinafter MSP), a phenomenon in which the parent induces or fabricates a child's illness (see, Matter of Jessica Z., 135 Misc 2d 520, 521).

We reject the appellant's contention that her care of Aaron, which included requiring him for approximately four years to sleep connected to a monitor, cannot be found to fall within the statutory definition of neglect because it does not constitute a failure or unwillingness to act, since the statute acknowledges that an adjudication of neglect may be based on parental acts of a "serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]). Further, under the objective standard imposed in a proceeding pursuant to Family Court Act article 10, "[g]ood faith, good intentions, and even best efforts, are not, per se, defenses to a child protective petition" (Matter of Katherine C., 122 Misc 2d 276, 278).

Even if the evidence adduced at the fact-finding hearing did not establish that the appellant induced Aaron's illness and caused him physical harm, the record plainly supports the Family Court's finding that as a consequence of Aaron's being subjected to unnecessary medical treatment, his emotional health had been impaired, as demonstrated by his behaviors of stealing, fire setting, cruelty to animals, and his attempts to separate himself from the image he had of himself as a gravely-ill child who was connected to the sleep apnea monitor by creating an imaginary twin (see, Family Ct Act § 1012 [h]).

Moreover, the Family Court's determination of neglect was supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b]; Matter of Tammie Z., 66 NY2d 1). Although the appellant offered the testimony of a pediatric pulmonologist who stated that based on Aaron's medical records, there was a possible medical explanation for the apneic episodes as reported by his mother, there was also ample credible testimony to the contrary by the petitioner's witnesses and the Law Guardian's witnesses, a number of whom had been involved in caring for Aaron and had examined him. The Family Court's assessment of the conflicting expert testimony is entitled to deference by an appellate court (Matter of Esther CC., 194 AD2d 949, 951) and we decline to disturb its determination where, as here, it is clearly supported by the record (see, Matter of Joey T., 185 AD2d 851; Matter of Jamal V., 159 AD2d 507, 508).

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.