■ GLEN PATTERSON et al., Respondents, v CITY OF NEW YORK, Respondent, and SVERDRUP & PARCEL CONSULTANTS, INC., Appellant. [734 NYS2d 196] —In an action to recover damages for personal injuries, the defendant Sverdrup & Parcel Consultants, Inc., appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated May 26, 2000, which denied its motion to dismiss the complaint and all cross claims insofar as asserted against it on the grounds that the complaint failed to state a cause of action and that the action was barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against Sverdrup & Parcel Consultants, Inc; and it is further,

Ordered that pursuant to the parties' stipulation dated September 28, 2000, the complaint is dismissed insofar as asserted against the City of New York as barred by the Statute of Limitations; and it is further,

Ordered that the appellant is awarded one bill of costs.

In the late 1980's, Grow-Kiewit-Catapano (hereinafter GKC) contracted with the defendant City of New York to construct a sewer tunnel in Staten Island. The plaintiffs, employees of GKC, were miners who worked underground in a chamber known as a "caisson," which would ultimately become the tunnel. The defendant Sverdrup & Parcel Consultants, Inc. (hereinafter Sverdrup), contracted with the City to provide resident engineering inspection services.

The work on the project was performed in a tidewater area, and compressed air was pumped into the caisson to keep out water. Workers were required to enter into a "man lock" where

the air pressure was increased to the level in the caisson for those entering the caisson or decreased to normal atmospheric pressure for those returning to the surface. The plaintiffs worked on the sewer tunnel project from November 1991 through February 1992.

The plaintiffs commenced this action against the City and Sverdrup in June 1999, alleging that they suffered injuries due to the improper regulation of air pressure in the caisson and unsafe decompression. Sverdrup moved, *inter alia*, to dismiss the complaint insofar as asserted against it on the grounds that it was barred by the three-year Statute of Limitations for personal injury actions (*see,* CPLR 214 [5]) and that the complaint failed to state a cause of action against it.

The plaintiffs contend that the action was timely commenced pursuant to CPLR 214-c. That statute provides that, in cases where the injury is caused by the latent effects of exposure to any substance, the three-year Statute of Limitations for personal injury actions is computed from the date of discovery of the injury by the plaintiff or from the date when, through the exercise of reasonable diligence, such injury should have been discovered by the plaintiff, whichever is earlier. Although their work on the project ended in 1992, the plaintiffs contend that they did not discover until about 1998 that their swollen joints and joint pain were symptoms of "caisson disease," which is caused by exposure to improperly-regulated compressed air.

According to the plaintiffs' physician, compressed air, which is air under high pressure, is a toxic substance when decompression is not properly regulated. When compressed air is breathed, increased nitrogen dissolves in blood, tissue fluid, and fat. If decompression occurs too rapidly, the nitrogen forms minute bubbles in the blood stream and may form large masses of gas within the blood vessels and the tissues, affecting bones, joints, and muscles over time.

The Legislature has long recognized caisson disease as an occupational disease of a slow-starting, insidious character. It amended the Workers' Compensation Law in 1946 and thereafter to permit workers suffering from the disease to file for compensation benefits based on the date of disablement so that the right to compensation would not be barred before the worker was aware that he or she had the disease (*see, Matter of McCann v Walsh Constr. Co.,* 282 App Div 444, *affd* 306 NY 904; Workers' Compensation Law § 28).

Although the plaintiffs' working environment may have produced latent injuries, the issue here is whether compressed air should be considered a toxic substance within the ambit of

CPLR 214-c. Contrary to the Supreme Court, we conclude that it should not. As the Court of Appeals stated in *Blanco v American Tel. & Tel. Co.* (90 NY2d 757, 767), it is plain from reading the statute as a whole and from the legislative history that the types of substances intended to be covered were toxic substances (*see also, Rochester Gas & Elec. Corp. v City of Rochester,* 258 AD2d 945; *Martzloff v City of New York,* 238 AD2d 115, 117). The air breathed by the plaintiffs was benign, and their allegations relate solely to the manner in which the air pressure was regulated in the tunnel and the subsequent decompression process. CPLR 214-c was not intended to apply to nontoxic substances which may, through improper use, cause latent injuries. Accordingly, as the action was not commenced within the three-year Statute of Limitations for personal injuries, the complaint should be dismissed.

In view of our determination, we do not reach Sverdrup's contention that the complaint failed to state a cause of action against it.

The parties stipulated that the determination rendered by this Court shall be binding on all parties, regardless of whether or not that particular claim was the subject of a motion to dismiss. Our determination that CPLR 214-c does not apply to this action therefore requires dismissal of the complaint against the City on Statute of Limitations grounds as well. O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.