■ In the Matter of RALPH HUGGLER et al., Respondents, v CITY OF NEW YORK, Appellant. [733 NYS2d 725] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim, the City of New York appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated May 26, 2000, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

The petitioners worked on a City of New York sewer tunnel project in Staten Island in 1991 and 1992. They were diagnosed with "caisson disease," commonly known as "the bends" in 1998, and claimed that this condition was caused by exposure to compressed air without appropriate decompression during the Staten Island project. The petitioners brought this proceeding for leave to serve late notices of claim against the City. Based on their contention that compressed air is a toxic substance when improperly regulated, the petitioners argued that the one year and 90-day period for filing a late notice of claim should be measured from 1998, when they discovered that their injuries were caused by the exposure to compressed air (*see,* CPLR 214-c [3]; General Municipal Law § 50-e [5]; *Annunziato v City of New York,* 224 AD2d 31, 35). The Supreme Court concluded that exposure to a compressed-air environment qualified as a toxic substance under CPLR 214-c, and that the petitioners' application for leave to serve late notices of claim was timely based on CPLR 214-c (3), and granted the application (*see, Matter of Huggler v City of New York,* 184 Misc 2d 696).

We concluded in a companion case (*see, Patterson v City of New York,* 289 AD2d 213 [decided herewith]) that compressed air does not qualify as a toxic substance under CPLR 214-c. Accordingly, the petitioners may not rely on the date of discovery rule under CPLR 214-c, and their application for leave to serve late notices of claim is time-barred (*see,* General Municipal Law § 50-e [5]; § 50-i [1]). O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.