■ In the Matter of JAMES O'DONNELL et al., Respondents, v CITY OF NEW YORK, Appellant. [734 NYS2d 477] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim, the City of New York appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated May 26, 2000, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

The petitioners' application for permission to file late notices of claim is time-barred (see, Patterson v City of New York, 289 AD2d 213 [decided herewith]; Matter of Huggler v City of New York, 289 AD2d 240 [decided herewith]). O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.

■ In the Matter of the Estate of GABRIEL PENNINO, Deceased. CHRISTOPHER PENNINO, Appellant; KATHLEEN H. MARINO, Respondent. [734 NYS2d 477] —In a contested probate proceeding, the objectant, Christopher Pennino, appeals from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated May 30, 2000, which, upon a jury verdict finding that the decedent was not unduly influenced in executing his will, admitted to probate the last will and testament of the decedent, Gabriel Pennino.

Ordered that the decree is affirmed, with costs.

Contrary to the objectant's contentions, he waived the protection of CPLR 4519 (the "Dead Man's Statute"), by eliciting testimony from the proponent of the will regarding otherwise-protected transactions involving the decedent (see, Matter of Wood, 52 NY2d 139; Nay v Curley, 113 NY 575).

The issue of whether the Surrogate erred in admitting into evidence a letter written by the decedent's daughter regarding their estranged relationship is unpreserved for appellate review (see, Crapazano v County of Nassau, 272 AD2d 363; Calabrese v Chan, 244 AD2d 376). In any event, although the letter constituted hearsay, it was immaterial to the issue of whether the decedent was subject to undue influence, particularly since the letter was written eight days after the will was executed. Accordingly, its admission into evidence was harmless (see, Barracato v Camp Bauman Buses, 217 AD2d 677; Willinger v City of New Rochelle, 212 AD2d 526). Friedmann, J. P., Smith, Adams and Cozier, JJ., concur.