■ In the Matter of NAOMI R. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; RONALD J., Respondent. (Proceeding No. 1.) In the Matter of NACOLE F.-J. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; RONALD J., Respondent. (Proceeding No. 2.) In the Matter of JEROME J. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; RONALD J., Respondent. (Proceeding No. 3.) In the Matter of NADRIA J. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; RONALD J., Respondent. (Proceeding No. 4.) [745 NYS2d 485] —In four related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Clark, J.), dated December 14, 2001,

which, after a hearing pursuant to Family Court Act § 1027, modified a temporary order of protection dated October 26, 2001, to allow, inter alia, Ronald J. to have visitation supervised by his wife in the home, instead of visitation supervised by the petitioner, pending final determination of the proceeding.

Ordered that the order dated December 14, 2001, is reversed, on the law, without costs or disbursements, and the temporary order of protection dated October 26, 2001, is reinstated pending final determination of the proceeding.

These child protective proceedings were instituted to remove four minor children from Ronald J.'s home based upon allegations that he had sexually abused one of the children. A temporary order of protection was issued on October 26, 2001, which, inter alia, excluded Ronald J. from the home, aside from the times when he was exercising visitation and being supervised by the agency.

The evidence adduced by the petitioner at the hearing pursuant to Family Court Act § 1027 was of a sufficient level to raise concern that one of the children had been sexually abused, and thus, established that Ronald J.'s return to the home, even under the mother's supervision, presents an imminent risk to the health and safety of all of the children. Moreover, it is clear from the record that the mother does not believe her daughter's allegations, and, therefore, would not provide proper supervision. In light of the evidence presented, the safer course is to maintain the status quo until after a full fact-finding hearing (*see* Family Ct Act § 1027; *Matter of Erika B.*, 268 AD2d 586). Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.