█ In the Matter of DIAMOND K., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHAMEAKA K., Appellant. (Proceeding No. 1.) In the Matter of DONEISHA H., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHAMEAKA K., Appellant. (Proceeding No. 2.) In the Matter of DEEMEAKA H., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHAMEAKA K., Appellant. (Proceeding No. 3.) In the Matter of DESEREE J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHAMEAKA K., Appellant. (Proceeding No. 4.) In the Matter of DEANA J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHAMEAKA K., Appellant. (Proceeding No. 5.) In the Matter of JERAIL J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SHAMEAKA K., Appellant. (Proceeding No. 6.) [817 NYS2d 681]—

In six related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Queens County (Richardson, J.), dated April 6, 2005, which, after a hearing, found that she abused the deceased child Dasheem J., and derivatively abused the subject children.

Ordered that the fact-finding order is affirmed, without costs or disbursements.

The mother did not object to the procedure employed by the Family Court for the admission of certain medical articles into evidence. Thus, her contention with respect thereto is unpreserved for appellate review (*see* CPLR 5501 [a] [3]; *Matter of Pennino,* 289 AD2d 248 [2001]).

The Family Court's determination that Dasheem J. was an abused child was supported by the record (*see* Family Ct Act § 1012 [e]; *Matter of Anesia E.,* 23 AD3d 465 [2005]; *Matter of Suffolk County Dept. of Social Servs. [Ellen S.],* 215 AD2d 395

[1995]). The Family Court's assessment of the conflicting expert testimony is entitled to deference, and we decline to disturb its determination where, as here, it is clearly supported by the record (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Aminat O.*, 20 AD3d 480 [2005]; *Matter of Suffolk County Dept. of Social Servs. [Ellen S.], supra*).

The mother's actions demonstrated a fundamental defect in her understanding of the duties of parenthood and created a substantial risk that her other children would be subject to the same abuse. Therefore, the findings that the surviving children were derivatively abused were properly made (*see* Family Ct Act § 1012 [e] [ii]; *Matter of Nicole G.*, 274 AD2d 478 [2000]). Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.