In the Matter of ARIANNA L., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANUVIS V., Appellant. [866 NYS2d 263]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Lim, J.), dated November 5, 2007, which, upon a fact-finding order of the same court dated March 22, 2007, made after a hearing, finding that she had abused and medically neglected the subject child, placed the child with the Administration of Children's Services. The appeal brings up for review the fact-finding order dated March 22, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court's determination pursuant to Family Court Act § 1012 (e) (i) that she abused her daughter, Arianna, is supported by a preponderance of the evidence (see Family Ct Act § 1046 [a] [ii]; [b] [i]; Matter of Philip M., 82 NY2d 238 [1993]; Matter of Tammie Z., 66 NY2d 1 [1985]).

The child sustained first and second degree burns to her ears, nipples, left underarm, and abdomen. The petitioner's medical expert, Dr. Heon, testified that the child's injuries were intentionally inflicted and were inflicted by the direct application of a thermal object. "[O]nce a petitioner in a child abuse case has established a prima facie case, the burden of going forward shifts to respondents to rebut the evidence of parental culpability" (Matter of Philip M., 82 NY2d 238, 244 [1993]). Here, the mother failed to provide a reasonable and adequate explanation for the injuries. The Family Court's assessment of the witnesses' credibility should not be disturbed unless clearly unsupported by the record (see Matter of Cassandra C., 300 AD2d 303, 304 [2002]; Matter of H. Children, 276 AD2d 485 [2000]; Matter of Carine T., 183 AD2d 902 [1992]).

Further, the court correctly found pursuant to Family Court Act § 1012 (f) (i) (A) that the mother medically neglected the child when she failed to seek prompt medical attention after observing the injuries (see Matter of C. Children, 207 AD2d 888 [1994]). Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.