In the Matter of JACOB B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL B., Appellant. (Proceeding No. 1.) In the Matter of JOSEPH B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL B., Appellant. (Proceeding No. 2.) In the Matter of DYLAN L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL B., Appellant. (Proceeding No. 3.) [909 NYS2d 755]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Tarantino, J.), dated June 23, 2009, as, after a fact-finding and dispositional hearing, found that she abused the child Jacob B. and neglected the children Dylan L. and Joseph B., placed the children in the custody of the Suffolk County Department of Social Services pending a permanency hearing, and placed her under the supervision of the Suffolk County Department of Social Services pursuant to enumerated terms and conditions.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner's medical expert testified that there was no evidence that the child Jacob B. suffered from a bone disease, and opined that the child's multiple fractures were intentionally inflicted. Moreover, the record reflects that Jacob was in the mother's care when he suffered the fractures. Accordingly, the petitioner established a prima facie case of child abuse, and the burden shifted to the mother to rebut the evidence of parental culpability (see Family Ct Act § 1046 [a] [ii]; Matter of Philip M., 82 NY2d 238, 244 [1993]; Matter of Arianna L., 55 AD3d 733 [2008]; Matter of Commissioner of Social Servs. of City of N.Y. v Hyacinth L., 210 AD2d 329, 330-331 [1994]). The mother, however, failed to provide a reasonable and adequate explanation for the injuries (see Matter of Arianna L., 55 AD3d at 733; Matter of Vivian OO., 34 AD3d 1111, 1113 [2006]). The record fully supports the Family Court's determination that her testimony was incredible (see Matter of Arianna L., 55 AD3d at 733; Matter of Steven Glenn R., 51 AD3d 802, 803 [2008]).

The Family Court's findings of neglect with respect to Dylan L. and Joseph B. are similarly supported by the record (see Matter of Jesus M., 20 AD3d 479, 480 [2005]). Accordingly, there is no basis to disturb the Family Court's findings or its determination to place the children in the custody of the Suffolk County Department of Social Services (hereinafter the DSS) pending a

permanency hearing, and to place the mother under the supervision of the DSS pursuant to enumerated terms and conditions. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.