■ In the Matter of Syira W. and Others. Erie County Department of Social Services, Respondent; Latasha B., Appellant. [911 NYS2d 551]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered August 17, 2009 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent neglected the subject children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, adjudicated her three children to be neglected. We note at the outset that, although the order of disposition in this child neglect proceeding has expired, the appeal by the mother from that order brings up for review the underlying fact-finding order (*see Matter of Jimmy D.*, 302 AD2d 892 [2003], *lv denied* 100 NY2d 503 [2003]). We conclude that Family Court properly determined, following a hearing, that she neglected her

children. The mother did not move to dismiss the petition on the ground that the evidence of neglect was insufficient to support the petition and thus failed to preserve for our review her present contention that the evidence is insufficient to establish that any of her children were present during the incident of domestic violence that formed the basis for the neglect petition (*see generally Matter of Lorelei M. [Andrew M.]*, 67 AD3d 1383 [2009]; *Matter of Yorimar K.-M.*, 309 AD2d 1148 [2003]). In any event, the record contains sufficient evidence from which the court could have determined that at least one of the mother's children was present during that incident. Contrary to the mother's contention, the domestic violence case worker did not recant her testimony that at least one child had been present during the altercation but, rather, she clarified the basis for that testimony. In any event, even if the mother is correct, the case worker thereby would have created a credibility determination for the court, and the court's credibility determinations are of course entitled to great deference (*see Matter of Kayla N.*, 41 AD3d 920, 922 [2007]).

We have examined the mother's remaining contention and conclude that it is without merit. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.