# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1225**
**CAF 10-01769**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF KENNEDIE M. AND KODIE M.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

KIMBERLY M., RESPONDENT,
AND DOUGLAS M., RESPONDENT-APPELLANT.
------------------------------------------
CHARLES D. HALVORSEN, ESQ., ATTORNEY FOR
THE CHILDREN, APPELLANT.

---

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), APPELLANT
PRO SE.

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

---

Appeals from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered June 29, 2010 in a proceeding pursuant to
Family Court Act article 10. The order, inter alia, adjudged that
respondent Douglas M. neglected the subject children.

It is hereby ORDERED that the appeal by Charles D. Halvorsen,
Esq., Attorney for the Children, is unanimously dismissed and the
order is otherwise affirmed without costs.

Memorandum: Respondent father and the Attorney for the Children
appeal from an order of fact-finding and disposition that, upon a
finding that the father neglected his two children, placed the father
and the children under the supervision of petitioner for a period of
one year. Contrary to the father's contention, "the finding of
neglect is supported by a preponderance of the evidence" (*Matter of
Merrick T.*, 55 AD3d 1318, 1318). Petitioner presented one witness,
and Family Court found that witness credible. It is well established
that "the court's credibility determinations are . . . entitled to
great deference" (*Matter of Syira W.*, 78 AD3d 1552, 1553; *see Merrick
T.*, 55 AD3d 1318). Moreover, the court properly drew "the strongest
possible negative inference" against the father after he failed to
testify at the fact-finding hearing (*Matter of Jasmine A.*, 18 AD3d
546, 548; *see Matter of Jenny N.*, 262 AD2d 951).

The father's adult stepdaughter was the sole witness for

petitioner, and she testified that the father sexually abused her for a period of years beginning when she was 15. That testimony "supports the finding of derivative neglect with respect to [the subject children inasmuch as] the impaired level of parental judgment . . . shown by [the father's] behavior created a substantial risk to [those children]" (*Matter of Peter C.*, 278 AD2d 911, 911 [internal quotation marks omitted]; *see Matter of Devre S.*, 74 AD3d 1848; *Matter of Jovon J.*, 51 AD3d 1395). Contrary to the father's contention, the court may make a finding of derivative neglect even if the child who was sexually abused is not a subject of the neglect petition (*see Matter of Kole HH.*, 61 AD3d 1049, 1052-1053, *lv dismissed* 12 NY3d 898).

In any event, we further conclude that the finding of neglect is supported by the stepdaughter's testimony that the father engaged in acts of domestic violence and that such acts occasionally occurred in the presence of the subject children (*see Matter of Aliyah B.*, 87 AD3d 943; *Matter of Christiana C.*, 86 AD3d 606, 607; *Syira W.*, 78 AD3d 1552). We see no need to address the father's remaining challenge to the sufficiency of the evidence.

The father failed to preserve for our review his further contention that the court erred in permitting the stepdaughter's attorney to participate in the fact-finding hearing (*see generally* Family Ct Act § 164; CPLR 5501 [a] [3]; *Matter of Diamond K.*, 31 AD3d 553). The father also failed to preserve for our review his contention that the court erred in taking judicial notice of a family offense petition filed against the father (*see Matter of Damian M.*, 41 AD3d 600). We reject the father's further contention that the court erred in admitting in evidence his substance abuse treatment records. The court providently exercised its discretion in ordering the disclosure of those records inasmuch "as those records were clearly relevant to its determination [on the issue of neglect]. The . . . [c]ourt's finding of good cause is supported by the record" (*Matter of Marlene D.*, 285 AD2d 462, 463, *lv denied* 97 NY2d 605; *see* 42 USC § 290dd-2 [b] [2] [C]; 42 CFR 2.64 [d]).

The Attorney for the Children contends only that the court should have ordered the father to obtain sexual offender treatment. Inasmuch as that contention involves a challenge to the dispositional part of the order and the order has expired by its terms, we conclude that the appeal by the Attorney for the Children must be dismissed as moot (*see Matter of Myisha B.*, 73 AD3d 625; *Matter of Chelsea M.*, 61 AD3d 1030, 1032).

Entered: November 18, 2011 Patricia L. Morgan
Clerk of the Court