# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**158**
**CAF 11-00694**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF JAYDEN B. AND NATHAN F.
------------------------------------------------
OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-APPELLANT;

ERICA R., RESPONDENT-RESPONDENT.

---

NELSON LAW FIRM, MEXICO (ANNALISE M. DYKAS OF COUNSEL), FOR
PETITIONER-APPELLANT.

COURTNEY S. RADICK, ATTORNEY FOR THE CHILD, OSWEGO, FOR JAYDEN B.

STEPHANIE N. DAVIS, ATTORNEY FOR THE CHILD, OSWEGO, FOR NATHAN F.

---

Appeal from an order of the Family Court, Oswego County (Kimberly
M. Seager, J.), entered March 24, 2011 in a proceeding pursuant to
Family Court Act article 10.  The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the petition is
granted, and the matter is remitted to Family Court, Oswego County,
for further proceedings in accordance with the following Memorandum:
We conclude that Family Court erred in determining that petitioner
failed to prove by a preponderance of the evidence that the children
who are the subject of this proceeding are neglected children based
upon, inter alia, domestic violence between respondent and the mother
of the children and in therefore dismissing the petition herein (*see*
Family Ct Act § 1046 [a]).  We note at the outset that the respective
Attorneys for the Children did not take an appeal from the order, and
thus to the extent that their briefs raise contentions not raised by
petitioner, they have not been considered (*see Matter of Sharyn PP. v
Richard QQ.*, 83 AD3d 1140, 1143-1144).

Upon our review of the record, we conclude that petitioner
established by a preponderance of the evidence that the children were
in imminent danger of emotional impairment based upon the alleged
incidents of domestic violence between the children's mother and
respondent (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Afton C.*,
17 NY3d 1, 8-9).  We note that, in connection with her admission in
the separate neglect proceeding brought against her, the mother
admitted that she and respondent "had several disagreements and
arguments . . . in the presence of the children and [that] sometimes
[the children] were afraid."  Respondent failed to appear at the
instant fact-finding hearing, and thus we draw the "strongest

inference [against her] that the opposing evidence permits" based upon her failure to testify at the hearing (*Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79; *see Matter of Kennedie M.*, 89 AD3d 1544, 1545).

According to the evidence presented at the fact-finding hearing, when the police responded to the residence on a specified date, both the mother and respondent admitted that they had been engaged in a loud argument in the living room, during which they struck each other. The police officer observed a scratch on the mother's neck, which the mother admitted she received while she and respondent were "fighting." The police officer further observed that the one-year-old child (younger child) was crying in a bedroom, and he described the child as "shook up" and "scared." We conclude that the younger child's proximity to the physical and verbal fighting that occurred in the living room, together with the evidence of a pattern of ongoing domestic violence in the home, placed him in imminent risk of emotional harm (*see Kennedie M.*, 89 AD3d at 1545; *cf. Matter of Larry O.*, 13 AD3d 633).

Although the hearing court's determinations are entitled to great deference (*see generally Matter of Syira W.*, 78 AD3d 1552, 1553), we conclude that the court's determination that the statements of the five-year-old child (older child) were not corroborated is not supported by a sound and substantial basis in the record. "Corroboration, for purposes of article 10 proceedings, is defined to mean '[a]ny other evidence tending to support the reliability of the previous statements' " of the child (*Matter of Christina F.*, 74 NY2d 532, 536), and here we conclude that the older child's statements were sufficiently corroborated.

The caseworker for Child Protective Services testified at the fact-finding hearing that the body language of the older child changed when he spoke about his mother and respondent, and that he refused to talk to her while he was at his mother's house. While at his father's house, however, the older child explained to the caseworker that he did not want to speak with her at his mother's house because his mother repeatedly entered and then left the room. He told the caseworker that his mother and respondent fought often; that respondent had locked them out of the house; and that he was afraid of respondent. He demonstrated with the use of two "Barbie" dolls a physical fight that involved hair-pulling and pushing, which ended with the intervention of a male doll, who represented a police officer. Furthermore, the evidence at the fact-finding hearing established that the police responded to the home of respondent and the mother on several occasions for reports of domestic violence. A neighbor testified that she heard loud fighting between respondent and the mother on a weekly basis and that she observed the police responding to those fights at least once per month. The neighbor further testified that she had seen that the mother had been locked out of the house by respondent on more than one occasion. The child care provider for the children testified that the older child told her on several occasions that respondent hurt his mother, and the child care provider in fact observed a large bruise on the mother's face.

When she questioned the mother about the bruise, the mother explained that it had happened in a bar, but after his mother left the house the older child told the child care provider that "[respondent] did it." We therefore further conclude that the ongoing pattern of domestic violence also placed the older child in imminent risk of emotional harm, thus compelling the conclusion that both children are neglected based upon the actions of respondent (*see Kennedie M.*, 89 AD3d at 1545).  We thus reverse the order, grant the petition, and remit the matter to Family Court for a dispositional hearing.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court