*916 This proceeding was commenced by the Rockland County Department of Social Services, Child Protective Services (hereinafter the petitioner), to protect the subject child from the father based upon allegations that he had sexually abused an unrelated teenage boy. A temporary order of protection was issued on November 2, 2011, which excluded the father from the family home and directed him to stay at least 500 feet away from the child. The temporary order of protection was modified by order dated January 23, 2012, by awarding the father visitation with the child at the petitioner’s offices under the supervision of either the petitioner or certain court-approved supervisors, if the father was able to pay for their services. The temporary order of protection was modified again, by order dated February 9, 2012, which, inter alia, awarded the father daily visitation with the child at the family home, for five hours a day, and directed the mother to supervise the visitation. The petitioner appeals from stated potions of the order dated February 9, 2012, and we reverse the order insofar as appealed from.
The allegations against the father raise concern for the safety of the child because the father’s alleged conduct demonstrates “ 'such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care’ ” (Matter of Ramsay M., 17 AD3d 678, 679 [2005], quoting Matter of Dutchess County Dept. of Social Servs. [Noreen K.], 242 AD2d 533, 534 [1997]; see Matter of Kennedie M. [Kimberly M.], 89 AD3d 1544, 1545 [2011]; Matter of Jasmine A., 18 AD3d 546 [2005]; Matter of Rasheda S., 183 AD2d 770 [1992]). Moreover, *917 the record raises concern that the mother would not provide proper supervision because she does not believe the allegations of sexual abuse that had been made against the father (cf. Matter of Naomi R., 296 AD2d 503, 504 [2002]). Under these circumstances, “the safer course is to maintain the status quo until after a full fact-finding hearing” (id. at 504). Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.