# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1316**
**CAF 12-01175**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF AMODEA D. AND BARON D.
------------------------------------------------
GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JASON D., RESPONDENT-APPELLANT.

---

FARES A. RUMI, ROCHESTER, FOR RESPONDENT-APPELLANT.

CHARLES N. ZAMBITO, COUNTY ATTORNEY, BATAVIA (PAULA A. CAMPBELL OF COUNSEL), FOR PETITIONER-RESPONDENT.

LINDA M. JONES, ATTORNEY FOR THE CHILDREN, BATAVIA

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered June 19, 2012 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent father appeals from an order of fact-finding and disposition adjudging that he neglected the subject children. Contrary to the father's contention, Family Court's finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; *Matter of Jayden B. [Erica R.]*, 91 AD3d 1344, 1345). The testimony presented at the fact-finding hearing established that one child witnessed, and the other was in proximity to, a physical altercation between the parties wherein the father kicked the mother in the face and placed his hands around her neck to prevent her from breathing. The child who witnessed the altercation told a caseworker for petitioner later that day that she was "very sad and scared" upon seeing the mother's bloodied face after the altercation, and both children indicated to the caseworker that they were afraid of the father. We conclude that the children's proximity to the altercation, "together with the evidence of a pattern of ongoing domestic violence in the home, placed [the children] in imminent risk of emotional harm" (*Jayden B.*, 91 AD3d at 1345). We reject the father's further contention that he was denied effective assistance of counsel, which is "impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on his behalf" (*Matter of Devonte M.T. [Leroy T.]*, 79 AD3d 1818, 1819).

Indeed, " '[i]t is not the role of this Court to second-guess the attorney's tactics or trial strategy' " (*Matter of Derrick C.*, 52 AD3d 1325, 1326, *lv denied* 11 NY3d 705).

Entered:  December 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court