# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**343**

**CAF 12-02022**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF BURKE H.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

RICHARD H., RESPONDENT-APPELLANT,
AND TIFFANY H., RESPONDENT.

---

DENIS A. KITCHEN, WILLIAMSVILLE, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered August 24, 2012 in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined Burke H. to be a neglected child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order adjudicating the subject child to be neglected by him. Contrary to the father's contention, Family Court's finding of derivative neglect is supported by a preponderance of the evidence (*see Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401, *lv denied* 21 NY3d 862). Petitioner established that the father failed to address the problems that led to the findings of neglect with respect to his other three children (*see Matter of Krystal J.*, 267 AD2d 1097, 1098), and we conclude that the evidence with respect to those children "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care" (*Matter of Daniella HH.*, 236 AD2d 715, 716; *see Matter of Majerae T. [Crystal T.]*, 74 AD3d 1784, 1785). Contrary to the father's further contention, the court properly drew " 'the strongest possible negative inference' against [him] after he failed to testify at the fact-finding hearing" (*Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1545, *lv denied* 18 NY3d 808; *see Matter of Jayden B. [Erica R.]*, 91 AD3d 1344, 1345; *Matter of Serenity P. [Shameka P.]*, 74 AD3d 1855, 1855).

Finally, we reject the father's contention that the court

accorded too much weight to a psychological evaluation conducted several years prior to the hearing.  It is well settled that the court's assessment of conflicting expert testimony is entitled to deference and will not be disturbed if supported by the record (*see Matter of Robert A. [Kelly K.]*, 109 AD3d 611, 613; *Matter of Suffolk County Dept. of Social Servs. [Ellen S.]*, 215 AD2d 395, 396).  Here, the record supports the court's determination that the testimony of petitioner's expert—which was based on his older, but more thorough, evaluation—was more credible than the testimony provided by the father's expert, which was based entirely on the father's self-reported history.  We therefore see no basis to disturb the court's assessment of the expert testimony (*see Matter of Diamond K.*, 31 AD3d 553, 554).

Entered:  May 2, 2014                        Frances E. Cafarell
                                             Clerk of the Court