■ In the Matter of WILLIAM T. et al., Alleged to be Neglected Children. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; BYRON T. et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 25, 1991, which partially dismissed petitioner's application, in a proceeding

pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected.

A petition was filed against respondents alleging that they had neglected their two minor children. Upon the consent by respondent Rosalie T. to a finding of neglect against her pursuant to Family Court Act § 1051 (a), the proceedings were severed. Rosalie's uncontroverted testimony, given thereafter at an inquest held upon the default by respondent Byron T. (hereinafter respondent), was that respondent frequently consumed alcoholic beverages during the 13 years that he and Rosalie were together, that when he did so he would become abusive with her, threatening her and hitting her in the presence of the children, and occasionally yelling at one of the children. Nonetheless, Family Court rejected the Law Guardian's recommendation made at the conclusion of the inquest that a finding of neglect based upon excessive misuse of alcohol be issued (Family Ct Act § 1046 [a] [iii]). Instead, the court dismissed the petition as to respondent for failure to establish a prima facie case of neglect. This appeal by petitioner ensued. In our view, Family Court erred as a matter of law in basing its decision upon petitioner's failure to present any evidence of impairment of the physical, mental or emotional condition of either of the children or of imminent danger of such impairment pursuant to Family Court Act § 1012 (f) (i); accordingly, we reverse.

Unlike Family Court Act § 1012 (f) (i), which defines a neglected child in terms of either actual impairment of a child's physical condition or the imminent danger of such impairment, Family Court Act § 1046 (a) (iii), which deals specifically with children of a parent who repeatedly misuses alcohol, does not require such proof (see, Matter of Stefanel Tyesha C., 157 AD2d 322, 326, Matter of "Male" R., 102 Misc 2d 1, 7). In that circumstance, proof that a caretaker "repeatedly misuses * * * alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of * * * intoxication * * * or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality * * * except * * * when such person is voluntarily and regularly participating in a recognized rehabilitative program" is prima facie evidence of neglect (Family Ct Act § 1046 [a] [iii]; see, Matter of Synovia G., 163 AD2d 257).

Rosalie's testimony that respondent "drank a lot" for the 13 years that they were together is proof of his repeated misuse of alcoholic beverages; her testimony that when he did so he

physically abused her and threatened her life in the presence of the children, at the very least, evinces "a substantial impairment of judgment, or a substantial manifestation of irrationality". Given the facts presented, and the complete absence of any contradictory or rebuttal evidence or any proof that respondent during such periods was voluntarily and regularly participating in a recognized rehabilitative program, Family Court erred, as a matter of law, in failing to apply Family Court Act § 1046 (a) (iii). Accordingly, we find a prima facie case of neglect by respondent and remit the matter to Family Court for a dispositional hearing.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is modified on the law, without costs, by reversing so much thereof as dismissed the petition regarding respondent Byron T.; petition granted against said respondent and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.