Mercure, J.R
Appeal from an order of the Family Court of Schenectady County (Taub, J.H.O.), entered May 7, 2007, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
In July 2006, petitioner received two hotline telephone calls reporting that respondent and his wife were abusing heroin while caring for their two children (born in 1998 and 2004). Following an investigation and respondent’s failure to comply with drug screens, as well as his dismissal from a recommended drug treatment program for noncompliance, petitioner commenced *967 this proceeding, alleging that respondent neglected the children. A fact-finding hearing was held, during which respondent and two senior caseworkers testified, and Family Court thereafter dismissed the petition. Petitioner appeals, and we now reverse.
Family Ct Act § 1012 (f) (i) (B) defines a “[njeglected child” as one whose “physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired” because of a parent’s failure “to exercise a minimum degree of care ... by misusing a drug.” In addition, Family Ct Act § 1046 (a) (iii) provides that severe parental drug use is prima facie evidence of parental culpability (see Matter of William T., 185 AD2d 413, 414 [1992]; see also Matter of Philip M., 82 NY2d 238, 246 [1993]; Matter of Ashley RR., 30 AD3d 699, 700 [2006]). In particular, that section states that “proof that a [parent] repeatedly misuses a drug ... to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence” of neglect except when the parent “is voluntarily and regularly participating in a recognized rehabilitative program” (Family Ct Act § 1046 [a] [iii] [emphasis added]; see Matter of Amber DD., 26 AD3d 689, 690 [2006]; see also Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 351-352). In other words, “[t]he presumption contained in Family [Ct] Act § 1046 (a) (iii) operates to eliminate a requirement of specific parental conduct vis-a-vis the child and neither actual impairment nor specific risk of impairment need be established” (Matter of Stefanel Tyesha C., 157 AD2d 322, 328 [1990], appeal dismissed 76 NY2d 983 [1990]; Matter of William T., 185 AD2d at 414).
Here, caseworkers testified that respondent was actively using heroin, and respondent admitted both to using between two and six bags of heroin per day and that his withdrawals were so bad that he could not function. He further admitted that he was dismissed from a drug treatment program for noncompliance. Thus, as Family Court concluded, petitioner established a prima facie case and the presumption of neglect applied. The court then found, however, that the presumption was rebutted by the testimony of petitioner’s witnesses indicating that “the children were never in danger and were always well kept, clean, well fed and not at risk.”
As this Court has previously stated, when a prima facie case has been established pursuant to Family Ct Act § 1046 (a) (iii), *968 dismissal of a petition based “upon petitioner’s failure to present any evidence of impairment of the physical, mental or emotional condition of either of the children or of imminent danger of such impairment pursuant to Family [Ct] Act § 1012 (f) (i)” constitutes error as a matter of law (Matter of William T., 185 AD2d at 414). Inasmuch as petitioner established a prima facie case of neglect and there is no evidence that respondent is engaged in any rehabilitative programs, petitioner proved neglect due to respondent’s substance abuse and, therefore, we reverse and remit this matter to Family Court for a dispositional hearing (see Matter of Krewsean S., 273 AD2d 393, 394 [2000]; Matter of William T., 185 AD2d at 415; see also Matter of Hailey W., 42 AD3d 943, 944 [2007], lv denied 9 NY3d 812 [2007]; Matter of Amber DD., 26 AD3d at 690).
Spain, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court’s decision.