■ In the Matter of NASIM W., a Child Alleged to be Neglected. KEALA M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [931 NYS2d 4]—

Petitioner agency satisfied its burden of proving, by a preponderance of the evidence, that respondent neglected her child (see Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [iii]). The agency's witnesses personally observed respondent under the influence of alcohol to the extent that she was no longer in control of her actions. On one occasion she approached the child and his stepmother at approximately 7:15 A.M., intoxicated and holding an open 24-ounce can of beer. She screamed and cursed at the stepmother and attempted to grab the child away from her. On another occasion, respondent appeared at the residence of the stepmother and the child's father under the influence of alcohol, demanding to see the child. When she was told to go away, she vandalized the lobby of the apartment building. On a third occasion, an agency caseworker observed respondent at a 1:00 P.M. family conference slurring her speech, smelling of alcohol, drooling from her mouth, and, as a result, being unable to participate in the conference. Moreover, the agency's case record, which was admitted into evidence, revealed that both the child and his father had told caseworkers that respondent was intoxicated during her visits with the child and that the child had reported that respondent drank alcohol from a glass bottle mixed with fruit juice.

This proof of impaired judgment and loss of self-control during respondent's repeated bouts of excessive drinking was sufficient to trigger the application of the presumption of neglect pursuant to Family Court Act § 1046 (a) (iii), which obviates the need to present proof of the child's physical, emotional or mental impairment or an imminent risk thereof as a consequence of the parent's behavior (see Matter of Stefanel Tyesha C., 157 AD2d 322, 328 [1990], appeal dismissed 76 NY2d 1006 [1990]; Matter of William T., 185 AD2d 413 [1992]). Thus, the facts that no evidence was presented concerning the impact of respondent's behavior on the child and that the child was not present during two of the three incidents relied upon by the court are of no consequence.

Moreover, the mother failed to rebut the presumption of neglect (see Family Ct Act § 1046 [a] [iii]). She did not testify or

otherwise offer any evidence on her own behalf, she denied any alcohol misuse and claimed that she drank alcohol "socially," and she presented no evidence that she was voluntarily and regularly participating in a recognized alcohol treatment program.

While respondent claims that the testimony of the stepmother was incredible, the court had the opportunity to observe her testify, and its assessment of her credibility is entitled to great deference on appeal (*see Matter of Irene O.*, 38 NY2d 776 [1975]). Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.