■ In the Matter of VITA C., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; OKSANA C. et al., Respondents. [28 NYS3d 726]—

Appeal from an order of the Family Court, Kings County (Amanda White, J.), dated June 18, 2015. The order, upon a decision of that court (Ann E. O'Shea, J.) dated June 18, 2015, made after a fact-finding hearing, dismissed, with prejudice, a petition alleging that Oksana C. and Arturas P. neglected the subject child.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, a finding is made that the petitioner established, prima facie, that Oksana C. and Arturas P. neglected the subject child, and the matter is remitted to the Family Court, Kings County, for a continued fact-finding hearing where Oksana C. and Arturas P. can present their case, if they be so advised, and a new determination thereafter.

This is a neglect proceeding pursuant to Family Court Act

article 10 based on allegations that Oksana C. and Arturas P. (hereinafter together the parents) repeatedly abused alcohol to the extent that they became intoxicated and lost control of their actions. After the petitioner agency presented its case at a fact-finding hearing, each parent moved to dismiss the petition based on the agency's failure to prove by a preponderance of the evidence that the subject child had suffered actual harm or been at imminent risk of harm. The Family Court granted the parents' respective motions and issued an order dismissing the petition with prejudice. The agency appeals.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Kenya R. [Edmindo R.]*, 129 AD3d 978, 979 [2015] [internal quotation marks omitted]; *see* Family Ct Act § 1046 [b] [i]). Family Court Act § 1012 (f) (i) (B) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care" by, inter alia, "repeatedly misus[ing] . . . alcoholic beverages to the extent that he [or she] loses self-control of his [or her] actions." In addition, Family Court Act § 1046 (a) (iii) provides that an agency establishes a prima facie case of neglect where it presents "proof that a person repeatedly misuses . . . alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of . . . intoxication." In cases where this presumption is triggered, the agency is not required to establish that the child suffered actual harm or was at imminent risk of harm (*see Matter of Nasiim W. [Keala M.]*, 88 AD3d 452, 453 [2011]; *Matter of Arthur S. [Rose S.]*, 68 AD3d 1123, 1124 [2009]; *Matter of Paolo W.*, 56 AD3d 966, 967 [2008]; *Matter of William T.*, 185 AD2d 413, 415 [1992]).

Here, the evidence presented by the agency at the fact-finding hearing demonstrated that the parents regularly abused alcohol to the extent of intoxication. Therefore, pursuant to Family Court Act § 1046 (a) (iii), the agency established a prima facie case of neglect. A caseworker testified that she visited the family's home on May 2, 2012, and personally observed the parents to be intoxicated. The record also reflected that in the past few years prior to the fact-finding hearing, both parents had been admitted to Coney Island Hospital for severe intoxication, that they had been diagnosed with alcoholism and/or continuous alcohol abuse, and that neither had

pursued treatment. In addition, the caseworker testified that the child, who was then 14 years old, informed the caseworker that the parents drank every day, that they regularly became intoxicated, and that she believed they needed help. In light of this evidence, the agency established a prima facie case of neglect, and the Family Court should not have dismissed the petition on the ground that the agency failed to present any evidence of actual harm or risk of imminent harm to the child (*see Matter of Audrey K. [Erik K.]*, 108 AD3d 717, 717 [2013]; *Matter of Nasiim W. [Keala M.]*, 88 AD3d at 453; *Matter of Arthur S. [Rose S.]*, 68 AD3d at 1124; *Matter of Paolo W.*, 56 AD3d at 967; *Matter of William T.*, 185 AD2d at 414). Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.