■ In the Matter of PAWEL S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; STANISLAW S., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of KATARZYNA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; STANISLAW S., Appellant, et al., Respondent. (Proceeding No. 2.) [38 NYS3d 265]—

Appeal by the father from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated April 15, 2015. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father neglected the subject children and, inter alia, placed the father under the supervision of the Administration for Children's Services until October 15, 2015.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the father under the supervision of the Administration for Children's Services until October 15, 2015, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as placed the father under the supervision of the Administration for Children's Services (hereinafter the agency) until October 15, 2015, must be dismissed as academic because that portion of the order expired by its own terms (see Matter of Andrew Y., 44 AD3d 1063, 1064 [2007]; Matter of Amber C., 38 AD3d 538, 539-540 [2007]; Matter of Daqwuan G., 29 AD3d 694, 695 [2006]). Review of the neglect finding, however, is not academic, since a finding of neglect constitutes a "permanent and significant stigma," from which potential future consequences may flow (Matter of Andrew Y., 44 AD3d at 1064 [internal quotation marks omitted]; see Matter of Amber C., 38 AD3d at 539-540; Matter of Daqwuan G., 29 AD3d at 695).

Two neglect petitions pursuant to Family Court Act article 10, one as to each child, were filed against the mother and

father shortly after an incident in which the mother was hospitalized for alcohol poisoning. The agency thereafter amended the petitions to include allegations that the father misused alcohol, inadequately supervised the children, acted violently towards the mother in the presence of the children, and acted violently towards the children themselves. The Family Court granted the mother an adjournment in contemplation of dismissal (*see* Family Ct Act § 1039). After fact-finding and dispositional hearings, the Family Court, inter alia, entered a finding of neglect against the father. The father appeals.

To support a finding of neglect, the petitioner must establish, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]), that the subject child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). "[P]roof that a person repeatedly misuses . . . alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of . . . intoxication" establishes a prima facie case of neglect (Family Ct Act § 1046 [a] [iii]) and, therefore, neither actual impairment of the children's physical, mental, or emotional condition, nor specific risk of impairment, need be established (*see Matter of Ishaq B. [Lea B.]*, 121 AD3d 889, 890 [2014]).

Here, a preponderance of the evidence adduced at the fact-finding hearing demonstrated that the father regularly abused alcohol to the extent of intoxication, physically abused the mother in the presence of the children, and left the children under the supervision of intoxicated caretakers, resulting in actual or imminent physical and emotional harm (*see Matter of Vita C. [Oksana C.]*, 138 AD3d 739, 741 [2016]; *Matter of Kristina Mc. [Robert Mc.]*, 101 AD3d 882, 882-883 [2012]; *Matter of James C.*, 47 AD3d 712 [2008]). On this record, which included testimony, documentation, and corroborated out-of-court statements from the children concerning specific incidents and behavioral patterns, we reject the father's contention that the evidence was too vague to support a finding of neglect.

The father's contention that there was no evidence of actual physical harm to the children is also unavailing. The Family Court Act explicitly covers the "imminent danger" of impairment to a child's physical, mental, or emotional condition (Family Ct Act § 1012 [f] [i]). " 'Imminent danger' reflects the

Legislature's judgment that a finding of neglect may be appropriate even when a child has not actually been harmed" (*Nicholson v Scoppetta*, 3 NY3d at 369). Here, the record established by a preponderance of the evidence that, at the very least, the father's actions placed the children in imminent danger of impairment to their physical and emotional condition.

The father's remaining contention is without merit. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.