Matter of T.N. (Alec N.) (2019 NY Slip Op 00127)





Matter of T.N. (Alec N.)


2019 NY Slip Op 00127


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07766
2018-01307
2018-02663
 (Docket No. N-459-16)

[*1]In the Matter of T.N. (Anonymous). Rockland County Department of Social Services, respondent; Alec N. (Anonymous), appellant.


Ann L. Detiere, New York, NY, for appellant.
Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmit of counsel), for respondent.
Christopher T. Widholm, New City, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered June 15, 2017, (2) an order of the same court entered December 6, 2017, and (3) an order of fact-finding and disposition of the same court entered February 1, 2018. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order entered December 6, 2017, denied the father's motion for leave to renew and reargue with respect to the order of fact-finding. The order of fact-finding and disposition, after a dispositional hearing, found that the father neglected the child and placed the father under the supervision of the petitioner until March 15, 2018.
ORDERED that the appeals from the order of fact-finding and so much of the order entered December 6, 2017, as denied that branch of the father's motion which was for leave to renew are dismissed, without costs or disbursements, as the order of fact-finding and that portion of the order entered December 6, 2017, were superseded by the order of fact-finding and disposition, and are brought up for review on the appeal from the order of fact-finding and disposition; and it is further,
ORDERED that the appeal from so much of the order entered December 6, 2017, as denied that branch of the father's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the father under the supervision of the petitioner until March 15, 2018, is dismissed as academic, without costs or disbursements, as that portion of the order expired by its own terms (see Matter of Jaylen D.-H. [Jennifer D.], 163 AD3d 665; Matter of Pawel S. [Stanislaw S.], 143 AD3d 724); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
A neglect petition filed by the Rockland County Department of Social Services (hereinafter the agency) on February 19, 2016, alleged, inter alia, that the father neglected the subject child, who was born in June 2015, by failing to protect the child following statements by the mother on December 31, 2015, January 12, 2016, and January 13, 2016, respectively, that she did not want the child and intended to suffocate her. On January 9, 2016, the father moved out of the mother's residence and left the child in the mother's care. Thereafter, on January 15, 2016, the father filed a habeas corpus petition and a family offense petition against the mother, detailing the threats.
At the fact-finding hearing, a chilling tape recording was admitted into evidence. On the recording, the mother told the father, among other things, that she had harmed the child, and she threatened to suffocate the approximately six-month-old child by placing a pillow over her head. Following the fact-finding hearing, the Family Court found that the father neglected the child. The father appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1012[f][i][B]). "In determining the minimum degree of care, [c]ourts must evaluate parental behavior objectively: would a reasonable and prudent parent have so acted, or failed to act, under the circumstances then and there existing'" (Matter of Jaylynn R. [Monica D.], 107 AD3d 809, 810, quoting Nicholson v Scoppetta, 3 NY3d at 370; see Matter of Jubilee S. [James S.], 149 AD3d 965). " [T]he court is not required to wait until a child has already been harmed before it enters a finding of neglect'" (Matter of Lanijah J.L. [Omisa C.L.], 146 AD3d 784, 786, quoting Matter of Kiemiyah M. [Cassiah M.], 137 AD3d 1279, 1279). Moreover, "[t]he Family Court's findings with respect to credibility are entitled to great weight" (Matter of Symphani F.G. [Otis G.], 162 AD3d 1020, 1021).
Contrary to the father's contention, the Family Court's finding of neglect is supported by a preponderance of the evidence (see Family Ct Act § 1012[f][i][B]; Nicholson v Scoppetta, 3 NY3d at 368). Despite the father's belief that the child was in danger of death or other harm in the mother's care, he failed to protect the child when he left her alone in the mother's care unsupervised on January 9, 2016, and thereafter waited several days before informing the Family Court of the danger faced by the child (see Matter of Casey N., 59 AD3d 625; Matter of Danielle S., 282 AD2d 680).
The father's remaining contentions are without merit.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court