Matter of Agustin E. v Luis A.E.S. (2019 NY Slip Op 00273)





Matter of Agustin E. v Luis A.E.S.


2019 NY Slip Op 00273


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-08390
 (Docket No. G-9692-17)

[*1]In the Matter of Agustin E. (Anonymous), appellant,
v
Luis A.E.S. (Anonymous), et al., respondents.


Alexandra Mayen Rivera, Huntington, NY, for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated May 21, 2018. The order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) is granted, and it is found that reunification of the subject child with her father is not viable due to parental neglect and that it would not be in the best interests of the child to be returned to El Salvador, her previous country of nationality and last habitual residence.
In September 2017, the subject child's uncle, Agustin E. (hereinafter the petitioner), commenced this proceeding pursuant to Family Court Act article 6 to be appointed as guardian of the child, for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that she is unmarried and under 21 years of age, that reunification with one or both of her parents is not viable due to parental neglect and abandonment, and that it would not be in her best interests to be returned to El Salvador, her previous country of nationality and last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. In an order dated April 27, 2018, the Family Court granted the petition to appoint the petitioner as guardian for the child. In an order dated May 21, 2018, made after a hearing, the court denied the petitioner's motion on the ground that he failed to establish that reunification of the child with one or both of her parents was not viable due to parental neglect or abandonment. The petitioner appeals.
"Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant' is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by [*2]a state or juvenile court" (Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795; see Matter of Gurwinder S., 155 AD3d 959; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620). "Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or similar parental conduct defined under State law, and that it would not be in the juvenile's best interest to be returned to his or her native country or country of last habitual residence" (Matter of Marvin E.M. de P. [Milagro C.C.-Mario Enrique M.G.], 121 AD3d 892, 893; see Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Based upon our independent factual review, reunification of the child with her father is not viable due to parental neglect (see Matter of Axel S.D.C. v Elena A.C., 139 AD3d 1050, 1052). The petitioner testified that after the father came to the United States with the child, they lived in the petitioner's home, during which time the father would "drink every day," and that the father eventually returned to El Salvador on his own. The petitioner stated in his affidavit in support of his motion that the father's drinking caused him to become "aggressive," "[h]e hit doors, walls, and started to yell at all times of the night," and that the child became "scared of [the father]." Further, the child stated in her affidavit that the father "[drank] to the point that he could not walk," and testified in court that she did not believe she could live with the father if she returned to El Salvador due to his excessive drinking. Thus, the record demonstrates that the father repeatedly misused alcoholic beverages to the extent of producing a state of intoxication or a "substantial manifestation of irrationality," triggering a presumption that the child was neglected by the father (Family Ct Act § 1046[a][iii]; see Matter of Vita C. [Oksana C.], 138 AD3d 739, 740). Since the presumption of neglect was not rebutted, the Family Court should have found that reunification of the child with the father was not viable due to parental neglect. The record also supports a finding that it would not be in the child's best interests to be returned to El Salvador, where gang members had threatened the father in the presence of the child, made the father "complete tasks and favors for them," and murdered the child's cousin (see Matter of Juan R.E.M. [Juan R.E.], 154 AD3d 725, 727; Matter of Fatima J.A.J. [Ana A.J.S.-Carlos E.A.F.], 137 AD3d 912, 914).
Accordingly, the Family Court should have granted the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the child with her father is not viable due to parental neglect, and that it would not be in the child's best interests to be returned to El Salvador, her previous country of nationality and last habitual residence.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court