Matter of Jack S. (Leah S.--Franklin O.S.) (2019 NY Slip Op 07206)





Matter of Jack S. (Leah S.--Franklin O.S.)


2019 NY Slip Op 07206


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


960 CAF 18-00306

[*1]IN THE MATTER OF JACK S. AND MARLEY S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LEAH S., RESPONDENT-APPELLANT, AND FRANKLIN O.S., III, RESPONDENT.






WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT. 
NICHOLAS G. LOCICERO, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RICHARD L. SULLIVAN OF COUNSEL), ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered January 9, 2018 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 10 proceeding, respondent mother appeals from a "Corrected Order" that, inter alia, determined that she neglected the subject children pursuant to section 1012 (f) (i) (B). We affirm.
Initially, we note that, on a prior appeal, we affirmed Family Court's contemporaneous determination that respondent father also neglected the subject children (Matter of Jack S. [Franklin O.S.], 173 AD3d 1842 [4th Dept 2019]). Nevertheless, we analyze the evidence separately with respect to this appeal by the mother.
Family Court Act § 1046 (a) (iii) creates a presumption of neglect where, insofar as relevant here, a parent "repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment," and it is well settled that such presumption eliminates the need for evidence that the parent's conduct resulted in impairment, or the imminent danger of impairment, to the subject children's physical, mental, or emotional condition (see Matter of Samaj B. [Towanda H.-B.—Wade B.], 98 AD3d 1312, 1313 [4th Dept 2012]; Matter of Nasiim W. [Keala M.], 88 AD3d 452, 453 [1st Dept 2011]). Here, the evidence at the hearing establishes, among other things, that the mother lost a job due to her drug use, she appeared intoxicated by drugs or alcohol on an occasion when police officers arrived to check on respondent father, she admitted that she used cocaine during the relevant time period, and she took prescription drugs in a suicide attempt that left her hospitalized. The mother failed to rebut the presumption of neglect that arose from the evidence that she " chronically and persistently misuses alcohol and drugs which, in turn, substantially impair[ed] . . . her judgment while [the] child[ren were] entrusted to . . . her care' " (Samaj B., 98 AD3d at 1313). Additionally, the court properly drew " the strongest possible negative inference' against the [mother] after [she] failed to testify at the fact-finding hearing" (Matter of Kennedie M. [Douglas M.], 89 AD3d 1544, 1545 [4th Dept 2011], lv denied 18 NY3d 808 [2012]; see Matter of Brittany W. [Patrick W], 103 AD3d 1217, 1218 [4th Dept 2013]). Thus, contrary to the mother's contention, a preponderance [*2]of the evidence establishes that she neglected the children (see generally Matter of Kenneth C. [Terri C.], 145 AD3d 1612, 1612-1613 [4th Dept 2016], lv denied 29 NY3d 905 [2017]; Matter of Timothy B. [Paul K.], 138 AD3d 1460, 1461 [4th Dept 2016], lv denied 28 NY3d 908 [2016]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court