Matter of Harmony Q. (Jasmine D.Q.) (2026 NY Slip Op 00901)

Matter of Harmony Q. (Jasmine D.Q.)

2026 NY Slip Op 00901

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-12404
 (Docket No. N-8509-24)

[*1]In the Matter of Harmony Q. (Anonymous). Administration for Children's Services, respondent; Jasmine D. Q. (Anonymous), appellant.

Brooklyn Defender Services, Brooklyn, NY (Brian Holbrook of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Amy McCamphill of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Robert D. Hettleman, J.), dated September 3, 2024. The order of disposition, upon an order dated September 3, 2024, granting that branch of the petitioner's motion which was for summary judgment on so much of the petition as alleged that the mother derivatively neglected the subject child, and after a dispositional hearing, continued the child's placement in the custody of the petitioner until the completion of the next permanency hearing.
ORDERED that the appeal from the order of disposition is dismissed as academic, without costs or disbursements, except insofar as it brings up for review the order dated September 3, 2024, granting that branch of the petitioner's motion which was for summary judgment on so much of the petition as alleged that the mother derivatively neglected the subject child; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as continued the subject child's placement in the custody of the petitioner, Administration for Children's Services (hereinafter ACS), until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired by its own terms (see Matter of Joshua J. [Tameka J.], ___ NY3d ___, 2025 NY Slip Op 03010). However, an adjudication of derivative neglect constitutes a permanent and significant stigma which might indirectly affect a parent's status in any future proceedings. Therefore, the appeal from so much of the order of disposition as brings up for review the finding of derivative neglect of the child is not academic (see Matter of Samynee L. [Tashae T.], 243 AD3d [*2]569; Matter of Pawel S. [Stanislaw S.], 143 AD3d 724).
ACS commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother derivatively neglected the child based on a prior finding in 2023 that the mother neglected the child's older sibling. ACS moved for summary judgment on the petition. In an order dated September 3, 2024, the Family Court granted that branch of ACS's motion which was for summary judgment on so much of the petition as alleged that the mother derivatively neglected the child. In an order of disposition dated September 3, 2024, the court continued the child's placement in the custody of ACS until the completion of the next permanency hearing. The mother appeals.
In a decision and order dated June 25, 2025, this Court affirmed an order of fact-finding and disposition finding that the mother neglected the child's older sibling, setting forth that ACS had established that "the mother threatened another shelter resident with a knife while leaving the [older sibling], who had been diagnosed with autism and required close supervision, unattended in their shelter unit for at least 40 minutes[, which] resulted in a two-week involuntary hospitalization of the mother, during which she continued to display paranoid behavior and a lack of insight into her mental illness" (Matter of Kamani K.L. [Jasmine D.Q.], 239 AD3d 980, 981).
Here, the petitioner established, prima facie, that the mother derivatively neglected the child based upon the prior finding that the mother had neglected the child's older sibling (see Matter of Sebastian R. [Debra S.], 171 AD3d 928; Matter of Jerell P. [Qubilah G.], 157 AD3d 443). In opposition, the mother failed to raise a triable issue of fact. Although the prior acts of neglect occurred about six months before the child was born, taking into account the nature of the mother's conduct and other pertinent considerations, the conduct which formed the basis for the finding of neglect as to the older sibling was so proximate in time to the instant derivative proceeding that it can reasonably be concluded that the condition still exists (see Matter of Serenity R. [Truman C.], 215 AD3d 854, 857; Matter of Sebastian R. [Debra S.], 171 AD3d at 929), and the mother failed to sustain her burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future (see Matter of Sebastian R. [Debra S.], 171 AD3d at 928; Matter of Hope P. [Stephanie B.], 149 AD3d 947, 948).
Accordingly, we affirm the Family Court's finding of derivative neglect (see Matter of Sebastian R. [Debra S.], 171 AD3d 928; Matter of Madison B. [Daniel B.], 123 AD3d 1027).
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court