■ In the Matter of CAROL BOYD, Appellant, v CESAR PERALES, as New York State Social Services Commissioner, et al., Respondents.—Petition in this proceeding pursuant to CPLR article 78, transferred to this Court by order of the Supreme Court, New York County (Michael Dontzin, J.), entered on December 7, 1989, challenging a determination of respondents, dated April 20, 1989, which, *inter alia,* denied petitioner's request to expunge a report in the State Central Register and holding it relevant and reasonably related to petitioner's employment in child care, is unanimously denied, respondents' determination confirmed, and the petition is dismissed, without costs or disbursements.

Petitioner, who now seeks employment as a child care worker, sought to expunge three reports of child abuse from the State Central Register, including a 1976 report that petitioner's children, Taleek and Talydeegia, were left bound and unsupervised in petitioner's apartment.

Pursuant to Social Services Law §§ 422 and 424-a, a fair hearing was held before an Administrative Law Judge (hereinafter "ALJ") to determine whether the three reports should be amended or expunged, and if not expunged, whether the acts of abuse or maltreatment are relevant and reasonably related to child care employment. After the fair hearing, the ALJ expunged the two later reports, and deleted amendments to the first report regarding, among other things, allegations of physical abuse and emotional neglect, but refused to expunge the 1976 report.

Substantial evidence supported the ALJ's determination. Based on the evidence presented at the hearing, the ALJ could have reasonably concluded that despite petitioner's rehabilitation, her serious lack of judgment in 1976 remained relevant to her present employment in the child care field. Furthermore, since petitioner was not able to refute the allegations that Taleek failed to attend school for the time period alleged in the case worker's notes, we reject petitioner's

argument that respondent did not prove by a fair preponderance of the evidence the amended portion of the first report alleging educational neglect of Taleek. Finally, petitioner's argument that she was deprived of due process, on the ground that the Department has failed to promulgate guidelines pursuant to Social Services Law § 424-a (5), cannot be raised for the first time on appeal *(Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25, 27). Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.