■ In the Matter of REGINA HARPER, Petitioner, v NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT et al., Respondents. [25 NYS3d 170]—

Determination of respondent New York State Office of Children and Family Services (OCFS), sued herein as the New York State Central Register of Child Abuse and Maltreatment (Central Register), dated May 21, 2013, which denied petitioner's request to have an "indicated report" of maltreatment (Social Services Law § 412 [7]) sealed or expunged, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Peter H. Moulton, J.], entered on or about May 28, 2014), dismissed, without costs.

Substantial evidence supports OCFS's determination that, as alleged in the maltreatment report, petitioner rendered inadequate guardianship or lack of medical care by waiting approximately three days to seek medical care for her 13-month-old foster child after he fell from his crib and hit his head (18 NYCRR 432.1 [b] [1]; *Matter of Bookhard v Carrion*, 98 AD3d 914 [1st Dept 2012]). Petitioner does not appear to dispute that the fall occurred several days before she took the child to a doctor. While, as petitioner notes, the child initially appeared to have a minor injury to his head, and might have fallen first onto his brother and more softly to the floor, he nevertheless could have incurred an internal injury not apparent to petitioner. In addition, the 13-month-old child was too young to describe any resulting pain or injury. Petitioner also acknowledged that she received foster parent training requiring her to seek immediate medical attention in such cases.

Petitioner argues that she faces obstacles to serving as a foster parent as a result of the indicated maltreatment report. However, maintaining the indicated report in the Central Register is not a penalty that shocks the conscience (*see Matter of Waldren v Town of Islip*, 6 NY3d 735 [2005]; Social Services Law §§ 413, 414, 415, 422, 424-a). Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.