Matter of Pamela Equities Corp. v Environmental Control Bd. of the City of N.Y. (2019 NY Slip Op 03140)





Matter of Pamela Equities Corp. v Environmental Control Bd. of the City of N.Y.


2019 NY Slip Op 03140


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9091 162661/15

[*1]In re Pamela Equities Corp., Petitioner-Appellant,
v
The Environmental Control Board of the City of New York, et al., Respondents-Respondents. Community Housing Improvement Program, Inc. and Rent Stabilization Association of New York City, Inc., Amici Curiae.


Rich, Intelisano & Katz, LLP, New York (Robert J. Howard of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for respondents.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for amici curiae.



Judgment, Supreme Court, New York County (Lucy Billings, J.), entered October 16, 2017, to the extent appealed from as limited by the briefs, denying the petition to annul respondent Environmental Control Board's determination, dated August 27, 2015, which imposed penalties for violations of Administrative Code of City of NY § 28-210.3, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Administrative Code § 28-210.3 prohibits the owner of a multiple dwelling classified for permanent use to permit the use or occupancy of the dwelling for other than permanent residence purposes. Petitioner's contention that it did not violate this provision because it did not have knowledge that its tenants were using their apartments for transient occupants is unpreserved, and we have no discretionary authority or interest of justice jurisdiction to reach the issue (Matter of Khan v New York State Dept. of Health, 96 NY2d 879 [2001]; Matter of Boyd v Perales, 170 AD2d 245, 246 [1st Dept 1991], lv denied 78 NY2d 851 [1991]; Matter of Curry v New York City Hous. Auth., 161 AD3d 578, 579 [1st Dept 2018]).
The penalty assessed against petitioner is consistent with Administrative Code § 28-202.1 and 1 RCNY 102-01[g][1], as petitioner failed to establish at the hearing that it had corrected the violations of Administrative Code §§ 28-210.3 in fewer than 38 days following the notice of violation. The
penalty is not excessive and does not shock the conscience (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 [*2]NY2d 222, 233 [1974]; Matter of Reese v Rhea, 96 AD3d 430, 430 [1st Dept 2012], lv denied 20 NY3d 860 [2013]; Matter of 42/9 Residential LLC v New York City Envtl. Control Bd., 165 AD3d 541, 542 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK