Matter of Renner v Office of Children & Family Servs. (2021 NY Slip Op 03006)





Matter of Renner v Office of Children & Family Servs.


2021 NY Slip Op 03006


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 100503/17 Appeal No. 13815 Case No. 2019-2631 

[*1]In the Matter of Elizabeth Renner, Petitioner,
v
Office of Children and Family Services, et al., Respondents.


Elizabeth Renner, petitioner pro se.
James E. Johnson, Corporation Counsel, New York (Julia Bedell of counsel), for New York City Administration for Children's Services, respondent.
Letitia James, Attorney General, New York (Ari J. Savitzky of counsel), for Office of Children and Family Services, The New York State Register of Child Abuse and Maltreatment, respondents.



Determination of respondent Office of Children and Family Services (OCFS), dated January 5, 2017, which, after a hearing, denied petitioner's request to amend as unfounded and seal an indicated report finding maltreatment of her daughter, and allowed disclosure of the existence of the report to childcare provider and licensing agencies making inquiry, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Nancy M. Bannon, J.], entered January 8, 2019), dismissed, without costs.
Contrary to petitioner's contention, the documents provided were "reasonably specific, in light of all the relevant circumstances, to apprise" petitioner "of the charges against [her] and to allow for the preparation of an adequate defense" (Matter of Block v Ambach, 73 NY2d 323, 333 [1989]).
The determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]), which showed that petitioner pulled her 11-year-old daughter out of her parked car by the arms, causing the child to fall to the ground near the road and sidewalk, and placing the child in imminent danger of physical or emotional harm (Social Services Law §§ 371[4-a][i][B], 412[2][a]; 18 NYCRR 432.1[b][1]; see Matter of Velez v New York State Off. of Children, 157 AD3d 575 [1st Dept 2018]; Matter of Garzon v New York State Off. of Children & Family Servs., 85 AD3d 1603, 1604 [3d Dept 2011]). Similarly, it was rational for OCFS to find the report "relevant and reasonably related to" childcare work or adoption (Social Services Law § 422[8][a][ii]; see Matter of Garzon, 85 AD3d at 1604; see also Matter of Boyd v Perales, 170 AD2d 245, 245 [1st Dept 1991], lv denied 78 NY2d 851 [1991]).
We perceive no reason to overturn the Hearing Officer's credibility determinations (see Matter of Valentine v New York State Cent. Register of Child Abusers & Maltreatment, 37 AD3d 249, 250 [1st Dept 2007]). Nor does petitioner make "a factual demonstration to support the allegation of bias and proof that the outcome flowed from it" (Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 197 [1981], cert denied 454 US 1125 [1981]).
Furthermore, "maintaining the indicated report in the Central Register is not a penalty that shocks the conscience" (Matter of Harper v New York State Cent. Register of Child Abuse & Maltreatment, 136 AD3d 519, 520 [1st Dept 2016]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021