■ In the Matter of T'Yanna M., a Child Alleged to be Abused and Neglected. Administration for Children's Services, Appellant; Rashida M. et al., Respondents. (Proceeding No. 1.) In the Matter of Key-Niah H., a Child Alleged to be Abused and Neglected. Administration for Children's Services, Appellant; Rashida M. et al., Respondents. (Proceeding No. 2.) [811 NYS2d 118]—

In two related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Lim, J.), dated February 25, 2005, as, after a fact-finding hearing, dismissed the petitions insofar as asserted against the father and dismissed the branch of the petition which alleged that the mother had abused the child Key-Niah H. and the branch of the petition which alleged that the mother derivatively abused the child T'Yanna M.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petitions insofar as asserted against the father are reinstated, the branches of the petitions which alleged that the mother abused the child Key-Niah H. and derivatively abused the child T'Yanna M. are reinstated, a finding is made that the respondents abused the child Key-Niah H. and derivatively abused the child T'Yanna M., and the matter is remitted to Family Court, Kings County, for a dispositional hearing.

The petitioner established a prima facie case of abuse of Key-Niah H. by her parents by establishing that the child's injuries were of such a nature as would ordinarily not happen except by an act or omission of both parents, and that the child was in the care of the parents at the time she sustained severe burn injuries (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 244 [1993]). The parents failed to rebut the presumption of culpability with a credible and reasonable explanation of how the child sustained the injuries (*see Matter of Philip M., supra*; *Matter of Commissioner of Social Servs. of City of N.Y. v Hyacinth L.*, 210 AD2d 329, 330-331 [1994]). Accordingly, the petitions, including the allegations that the mother and father derivatively abused the child T'Yanna M., should have been granted to the extent indicated herein. Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.