■ In the Matter of TONY B., JR., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TONY B. et al., Respondents. LAWRENCE F. KORZENIEWSKI, ESQ., Law Guardian, Appellant. [841 NYS2d 419]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered July 28, 2006 in a proceeding pursuant to Family Court Act article 10. The order dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the Law Guardian's contention, Family Court properly granted the motion of respondents seeking dismissal of the petition charging them with abusing a three-month-old child who had sustained a fractured skull. Family Court Act § 1012 (e) (i) defines an abused child in relevant part as a child "whose parent or other person legally responsible for his [or her] care . . . inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death." Family Court Act § 1046 (a) (ii) provides in relevant part that a prima facie case of child abuse "may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and [by evidence] (2) that respondents were the caretakers of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *see Matter of Ashley RR.*, 30 AD3d 699, 700 [2006]; *Matter of T'Yanna M.*, 27

AD3d 472, 473 [2006]; *Matter of Benjamin L.*, 9 AD3d 153, 155 [2004]). Here, the evidence presented by petitioner at the hearing on the petition established that respondents, among others, acted as the caretakers of the child within the 48 hours preceding the diagnosis of a fractured skull. Although numerous witnesses testified on behalf of petitioner, the evidence presented by petitioner did not establish a prima facie case of abuse against any particular person or persons. Thus, the court properly granted respondents' motion seeking dismissal of the petition at the close of petitioner's case (*see* Family Ct Act § 1051 [c]; *see generally Philip M.*, 82 NY2d at 244-245). Present— Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.