■ In the Matter of VERONICA C., Petitioner, v GLADYS CARRIÓN, as Commissioner of the New York State Office of Children and Family Services, et al., Respondents. [866 NYS2d 49]—

Decision after hearing on behalf of respondent Commissioner, dated October 4, 2007, finding petitioner to have committed maltreatment of a child, unanimously annulled, on the law and the facts, the petition in this CPLR article 78 proceeding (transferred to this Court by order of Supreme Court, New York County [Walter B. Tolub, J.], entered May 12, 2008), granted, without costs, and the report of maltreatment amended to "unfounded" and sealed.

The administrative determination was not supported by

substantial evidence. While there was sufficient evidence that the child suffered an injury that would not ordinarily occur without a failure to supervise him (*see* Family Ct Act § 1046 [a] [ii]), there was no evidence to demonstrate how or when the injury occurred, and it could not be determined on this record who the child's caretaker was at the time of the injury. Since the evidence at the hearing established that both the child's parents and petitioner acted as the caretakers within the 24 hours preceding the diagnosis of multiple lacerations to his hands, Administration for Children's Services (ACS) failed to establish a prima facie case against anyone in particular (*Matter of Tony B.*, 41 AD3d 1242, 1243 [2007]).

The only evidence submitted at the hearing to support the conclusion that the injury occurred while the child was in petitioner's care was hearsay. Specifically, the evidence consisted of case notes provided by Administration for Children's Services, which contained an unsworn account from the child's father. Notably, neither the ACS caseworker nor the father testified at the hearing.

While it was proper for respondents to rely on hearsay evidence that is relevant and probative, on this record, such hearsay did not constitute substantial evidence of child maltreatment (*see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1294 [2008]). Indeed, since ACS's hearsay evidence was seriously controverted by petitioner's sworn testimony, which was subject to cross-examination, it did not amount to the substantial evidence necessary to support respondents' determination (*see Matter of Ridge, Inc. v New York State Liq. Auth.*, 257 AD2d 625, 626 [1999]; *Matter of Diotte v Fahey*, 97 AD2d 653 [1983]). Furthermore, the Administrative Law Judge's (ALJ) decision to credit the father's account was improper because there was no basis for assessing his credibility.

By contrast, petitioner's hearing testimony established that she never noticed any injury to the child's hands, and stated that when she released him to his father he was uninjured. There was no discernible basis for finding her account incredible, and the ALJ inexplicably gave no weight to the evidence of her impeccable record as a well-trained, dedicated and highly regarded childcare provider (*see Matter of Jacqueline G. v Peters*, 292 AD2d 785, 786 [2002]). Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.