■ In the Matter of AARON McC., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; KYETTE C., Respondent. (Proceeding No. 1.) In the Matter of AARON McC., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; DWAYNE TRACEY C., Respondent. (Proceeding No. 2.) In the Matter of AARON McC., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; JACQUELINE McD., Respondent. (Proceeding No. 3.) In the Matter of AHMAD C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; KYETTE C., Respondent. (Proceeding No. 4.) In the Matter of AHMAD C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; DWAYNE TRACEY C., Respondent. (Proceeding No. 5.) In the Matter of AHMAD C., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JACQUELINE McD., Appellant. (Proceeding No. 6.) In the Matter of AALIYAH R., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JACQUELINE McD., Appellant. (Proceeding No. 7.) In the Matter of ARMANI R., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; JACQUELINE McD., Respondent. (Proceeding No. 8.) In the Matter of AALIYAH R. and Another, Infants. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; KYETTE C., Respondent. (Proceeding No. 9.) In the Matter of AALIYAH R. and Another, Infants. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; DWAYNE TRACEY C., Respondent. (Proceeding No. 10.) [886 NYS2d 408]—

In related child protective proceedings pursuant to Family Court Act article 10, the maternal grandmother appeals, as limited by her brief, from so much of an order of fact-finding of the Family Court, Suffolk County (Freundlich, J.), dated April 21, 2008, as, after a fact-finding hearing, found that she had abused the child Ahmad C. and derivatively neglected the child Aaliyah R.

Ordered that on the Court's own motion, the notice of appeal dated April 29, 2008, is deemed to be a notice of appeal by the maternal grandmother, Jacqueline McD. (*see* CPLR 2001; *Matter of Tagliaferri v Weiler,* 1 NY3d 605 [2004]); and it is further,

Ordered that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.

The petitioner established a prima facie case of abuse against the appellant by introducing evidence demonstrating that while the child Ahmad C. was under her care he suffered injuries of such a nature as would ordinarily not happen except by an act or omission of the appellant (*see* Family Court Act § 1046 [a] [ii]; *Matter of Philip M.,* 82 NY2d 238 [1993]). Specifically, the petitioner presented proof that the child sustained a left parietal diastatic skull fracture, bilateral subdural hemorrhages, and diffuse retinal hemorrhages in both eyes. In response, the appellant failed to rebut the presumption of culpability with a credible and reasonable explanation of how the child sustained the injuries (*see Matter of Philip M.,* 82 NY2d at 244-245; *Matter of T'Yanna M.,* 27 AD3d 472, 473 [2006]).

Further, the Family Court's finding of derivative neglect against the appellant with respect to the child Aaliyah R. is supported by a preponderance of the evidence. The evidence of abuse of the child Ahmad C. demonstrates such an impaired level of judgment by the appellant as to create a substantial risk of harm for any child in her care (*see Matter of Brian I.,* 51 AD3d 792, 793 [2008]).

Finally, contrary to the appellant's contention, her attorney provided her with meaningful representation (*see Matter of Alfred C.,* 237 AD2d 517 [1997]). Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.