In the Matter of DEVRE S. and Another. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLEE C., Appellant, et al., Respondent. [902 NYS2d 739]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered March 17, 2009 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that respondent Carlee C. abused and neglected the subject children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudging that respondents abused and neglected their two-week-old child and derivatively abused and neglected their 18-month-old child. At the outset, we reject the mother's contention that gaps in the transcript of the fact-finding hearing resulting from audibility problems are sufficiently significant to preclude meaningful appellate review (*see Matter of Savage v Cota*, 66 AD3d 1491 [2009]; *cf. Matter of Jordal v Jordal*, 193 AD2d 1102 [1993]). We reject the mother's further contention that the evidence is legally insufficient to support Family Court's findings. Petitioner presented the testimony of a physician establishing that the younger child sustained a fracture of the left humerus and a laceration of the liver and that none of the explanations offered by respondents was consistent with the nature and severity of those injuries. Petitioner therefore established a prima facie case of child abuse and neglect with respect to the younger child (*see* Family Ct Act § 1046 [a] [ii]), and the mother failed to rebut the presumption of parental responsibility (*see Matter of Philip M.*, 82 NY2d 238, 245-246 [1993]). Petitioner also established by a preponderance of the evidence that the older child was derivatively abused and neglected, inasmuch as the abuse and neglect of the younger child "is so closely connected with the care of [the older] child as to indicate that [he] is equally at risk" (*Matter of Marino S.*, 100 NY2d 361, 374 [2003], *cert denied* 540 US 1059 [2003]). The abuse and neglect of the younger child further "demonstrates such an impaired level of judgment by the [mother] as to create a substantial risk of harm for any child in her care" (*Matter of Aaron McC.*, 65 AD3d 1149, 1150 [2009]). Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.