# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**402**
**CAF 11-00665**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF WYQUANZA J. AND SINCERE J.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,       MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

LISA J., RESPONDENT-APPELLANT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR WYQUANZA
J. AND SINCERE J.

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered March 7, 2011 in a proceeding pursuant to
Family Court Act article 10.  The order, among other things, adjudged
that respondent had abused and neglected the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order determining
that she abused and neglected her two-month-old child and derivatively
abused and neglected her two-year-old child.  We reject the mother's
contention that the evidence is legally insufficient to support the
determination.  Petitioner presented evidence, including the testimony
of a physician, establishing that the younger child sustained
fractures of his left humerus, right humerus, left tibia and several
ribs, and that the injuries were inflicted at different times.
Petitioner thereby established a prima facie case of child abuse and
neglect with respect to the younger child pursuant to Family Court Act
§ 1046 (a) (ii), "and the mother failed to rebut the presumption of
parental responsibility" (*Matter of Seth G.*, 50 AD3d 1530, 1531; *see
Matter of Michael I.*, 276 AD2d 839, 840-841, *lv denied* 96 NY2d 701;
*see generally Matter of Philip M.*, 82 NY2d 238, 245-247).

Petitioner also established by a preponderance of the evidence
that the older child was derivatively abused and neglected, inasmuch
as the abuse and neglect of the younger child "is so closely connected
with the care of [the older] child as to indicate that [he] is equally
at risk" (*Matter of Marino S.*, 100 NY2d 361, 374, *cert denied* 540 US
1059).  Indeed, the abuse and neglect of the younger child

"demonstrates such an impaired level of judgment by the [mother] as to create a substantial risk of harm for any child in her care" (*Matter of Aaron McC.*, 65 AD3d 1149, 1150).