Matter of Velez v New York State Off. of Children (2018 NY Slip Op 00349)





Matter of Velez v New York State Off. of Children


2018 NY Slip Op 00349


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Friedman, J.P., Kahn, Gesmer, Kern, Moulton, JJ.


5216 100618/16

[*1]In re Luis Velez, Petitioner, 
v New York State Office of Children, et al., Respondents.


Law Offices of Frank J. Livoti, P.C., Garden City (Frank J. Livoti of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, New York (Mark S. Grube of counsel), for respondents.



Amended decision after hearing, of respondent New York State Office of Children and Family Services (OCFS), dated June 3, 2016, which found petitioner to have committed maltreatment of a child, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR 7804(g) (transferred to this Court by order of the Supreme Court, New York County [Lucy Billings, J.], entered November 21, 2016), dismissed, without costs.
The determination of OCFS is supported by substantial evidence (see Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights, 77 NY2d 411, 417 [1991]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]) which included the statements of the subject child and the child's mother, reflected in the investigating caseworker's progress notes, indicating that petitioner had struck the mother and pulled her hair while he was driving and the child was riding in the back seat. The incident caused the child to become afraid and cry (see Matter of Brown v Velez, 153 AD3d 517 (2d Dept 2017]), and petitioner admittedly had swerved the car and feared an accident (18 NYCRR § 432.1[b][1]).
OCFS properly credited the agency's investigatory records containing the mother's and the child's statements, which were consistent with each other, as well as with the mother's statements to emergency room personnel and the police (see Matter of Parker v Carrion, 90 AD3d 512 [1st Dept 2011]). OCFS was not required to credit petitioner's version of events over that of the mother's and the child's (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]; compare e.g. Matter of Veronica C. v Carrion, 55 AD3d 411 [1st Dept 2008]; Matter of Gerald HH. v Carrion, 130 AD3d 1174 [3d Dept 2015]). Further, contrary to petitioner's argument, OCFS was entitled to find maltreatment even where the evidence presented at the criminal trial did not result in conviction (see Matter of Kordasiewicz v Erie County Dept. of Social Servs., 119 AD3d 1425, 1426 [4th Dept 2014]).
Finally, substantial evidence supports OCFS's determination that petitioner's maltreatment of the child is "relevant and reasonably related" to his employment at a childcare agency, or his potential adoption of a child or his provision of foster care (see Social Services Law § 422[8][c][ii]). Petitioner's refusal to take responsibility for his actions, acknowledge that he endangered the child, or appreciate the seriousness of his conduct, demonstrated that he is likely to commit maltreatment again — a factor reasonably related to his potential employment in the childcare field (see Matter of Garzon v New York State Off. of Children & Family Servs., 85 AD3d 1603, 1604 [4th Dept 2011]; see also Matter of Boyd v Perales, 170 AD2d 245 [1st Dept 1991], lv denied 78 NY2d 851 [1991]). Such information is provided to social workers investigating or treating child abuse or maltreatment, and to prospective employers, licensing [*2]agencies and adoption and foster-care agencies (see Matter of Lee TT. v Dowling, 87 NY2d 699, 703 [1996]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK