Matter of R.B. v New York State Off. of Children & Family Servs. (2021 NY Slip Op 06063)





Matter of R.B. v New York State Off. of Children & Family Servs.


2021 NY Slip Op 06063


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 152815/20 Appeal No. 14531 Case No. 2020-04762 

[*1]In the Matter of R.B. (Anonymous) et al., Petitioners,
v
New York State Office of Children and Family Services et al., Respondents.


Andrew Citron, New York, for petitioners.
Letitia James, Attorney General, New York (Ari J. Savitzky of counsel), for New York State Office of Children and Family Services, New York State Central Register of Child Abuse and Maltreatment, respondents.
Georgia M. Pestana, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for New York City Administration for Children's Services, respondent.



Determination of respondent New York State Office of Children and Family Services (OCFS), dated November 13, 2019, which, after a hearing, denied petitioners' request to amend as unfounded an indicated report finding abuse of their teenage daughter by the father and maltreatment by both parents, unanimously confirmed, the petition denied, and this proceeding brought pursuant to CPLR article 78 (transferred to this Court by amended order of Supreme Court, New York County [Eileen A. Rakower, J.], entered August 20, 2020) dismissed, without costs.
The determination that petitioner father committed sexual abuse and that both father and mother provided inadequate guardianship is supported by substantial evidence in the record (CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). The investigative notes of respondent New York City Administration for Children's Services (ACS), the ACS caseworker's testimony, and medical records from the subject child's pediatrician constituted credible evidence of sexual abuse, as shown by the detailed descriptions by the child of the father touching her intimate areas, both over and under her clothing (see Matter of Riel v State of N.Y. Off. of Children & Family Servs., 175 AD3d 1166, 1167 [1st Dept 2019], quoting Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [1996]; Social Services Law § 371[4-b][iii]; 18 NYCRR 432.1[a][3]; see also Penal Law §§ 130.00[3], 130.52[1], 130.55). The adjournment in contemplation of dismissal in Family Court, in related proceedings accusing the father of abuse, "create[s] a presumption that there is a lack of a fair preponderance of the evidence to prove that a child has been abused or maltreated" (18 NYCRR 434.10[f]; see e.g. Matter of Stephen FF. v Johnson, 23 AD3d 977, 978 [3d Dept 2005]).
There is also credible evidence that the father failed to "exercise a minimum degree of care" (Social Services Law § 371[4-a][1]), impairing the subject child's emotional condition by causing her to become depressed and have suicidal thoughts (18 NYCRR 432.1[b][1][ii]). Similarly, there is credible evidence that the mother was told of the alleged abuse, but urged the child to listen to family and community members who told her to recant, and the mother waited six weeks to secure a mental health evaluation and treatment for the child, despite having agreed to do so within 24 hours, or as soon as possible (Social Services Law § 371[4-a][1]; 18 NYCRR 432.1[b][1][ii]).
Given petitioners' occupations in the education field and their denials of any wrongdoing, their behavior is "relevant and reasonably related to" childcare work, adoption, or the provision of foster care (Social Services Law § 422[8][a][ii]).
Contrary to petitioners' contention, the medical records were properly certified as a "record of any condition, act, transaction, occurrence or event relating to a child in a child abuse [case] . . . made in the regular [*2]course of business" at or near the time of the event (18 NYCRR 434.10[c]).
Nor was the hearsay evidence proffered by ACS inadequate, simply because petitioners contend it was "seriously controverted" by their own testimony, and documents showing that the subject child recanted, and, weeks later, began accusing one of her medical providers of inappropriate behavior.
"It is well settled that hearsay is admissible in administrative proceedings, that it may be the basis for an administrative determination, and — if sufficiently relevant and probative — may constitute substantial evidence alone" (Matter of Rosa v New York City Hous. Auth., Straus Houses, 160 AD3d 499, 500 [1st Dept 2018]). This is true "even if contradicted by live testimony on credibility grounds" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]).
OCFS was not required to credit the child's recantation, since "it is accepted that such a reaction is common among abused children" (Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749 [2d Dept 2016]; see Matter of N. & G. Children, 176 AD2d 504, 505 [1st Dept 1991]). Indeed, the "repetition of phrasing" used by the subject child and her younger sister during interviews conducted by ACS showed signs of coaching (see Matter of Kimberly CC. v Gerry CC., 86 AD3d 728, 730 [3d Dept 2011]). Moreover, the child's initial description of abuse was sufficiently detailed to constitute substantial evidence (compare Matter of Veronica C. v CarriÓn, 55 AD3d 411, 412 [1st Dept 2008]).
Finally, we reject the contention that petitioners were deprived of their right to due process because their request to have the subject child testify was denied. They were allowed to present evidence in their favor that included the child's denials and alternative narratives given to ACS (see 18 NYCRR 434.8[d]; see also Scott v Kelly, 962 F2d 145, 147 [2d Cir 1992]). We find no grounds to require the subject child's testimony, given the admissibility of her previous statements and the policy considerations of avoiding re-traumatization and coaching by family members (see Matter of Charlotte MM. v Commissioner of Children & Family Servs., 159 AD3d 1081, 1082-1083 [3d Dept 2018]; 18 NYCRR 434.10[d]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021