Matter of Leonard P. (Patricia M.) (2023 NY Slip Op 06687)

Matter of Leonard P. (Patricia M.)

2023 NY Slip Op 06687

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1008 CAF 23-00628

[*1]IN THE MATTER OF LEONARD P. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; PATRICIA M., RESPONDENT-APPELLANT. (APPEAL NO. 1.)

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
BENJAMIN E. MANNION, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 14, 2022, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, respondent mother appeals from orders determining that she abused the child who is the subject of appeal No. 1 (child) and derivatively abused the children who are the subject of appeal Nos. 2 and 3, i.e., the child's siblings. The orders were entered after a fact-finding hearing on abuse petitions filed against the mother and the children's father. We affirm.
We reject the mother's contention in all three appeals that Family Court's determinations lack a sound and substantial basis. Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondents, and (2) that [the] respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see Matter of Nancy B., 207 AD2d 956, 957 [4th Dept 1994]). Section 1046 (a) (ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (Philip M., 82 NY2d at 244). Although the burden of establishing child abuse rests with the petitioner (see id.; Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1493 [4th Dept 2016], lv denied 28 NY3d 915 [2017]), once the petitioner "has established a prima facie case, the burden of going forward shifts to [the] respondents to rebut the evidence of parental culpability" (Philip M., 82 NY2d at 244; see generally Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]).
With respect to appeal No. 1, the court's finding of abuse of the child by the mother is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [b] [i]; Matter of Jezekiah R.-A. [Edwin R.-E.], 78 AD3d 1550, 1551 [4th Dept 2010]). Two physicians who treated the child testified that the child, who was two months old at the time, sustained a moderately-sized subdural hemorrhage and numerous hemorrhages in the retina of the right eye. They both testified that the injuries to the child were non-accidental and that this was a case of shaken baby syndrome. Thus, petitioner established that the child suffered injuries that "would ordinarily not occur absent an act or omission of [the mother and the father]" (Philip M., 82 NY2d at 243; see Matter of Damien S., 45 AD3d 1384, 1384 [4th Dept 2007], lv denied 10 NY3d 701 [2008]). Petitioner further established that the mother and the father "were the [*2]caretakers of the child at the time the injur[ies] occurred" (Philip M., 82 NY2d at 243), and the "presumption of culpability extends" to both of them (Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 74 [1st Dept 2012]). We conclude that the mother failed to rebut the presumption of culpability (see Matter of Tyree B. [Christina H.], 160 AD3d 1389, 1389 [4th Dept 2018]; Damien S., 45 AD3d at 1384).
With respect to appeal Nos. 2 and 3, the court's finding of derivative abuse based on evidence that the mother abused the child is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [a] [i]; [b] [i]; Matter of Deseante L.R. [Femi R.], 159 AD3d 1534, 1536 [4th Dept 2018]). The abuse of the child "is so closely connected with the care [of his siblings] as to indicate that [those children are] equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]; see Devre S., 74 AD3d at 1849). The abuse of the child further "demonstrates such an impaired level of judgment by the [mother] as to create a substantial risk of harm for any child in her care" (Matter of Aaron McC., 65 AD3d 1149, 1150 [2d Dept 2009]; see Matter of Wyquanza J. [Lisa J.], 93 AD3d 1360, 1361 [4th Dept 2012]).
The mother's further contention in all three appeals that she was denied meaningful representation by her attorney's failure to retain and call a medical witness to rebut the evidence establishing the cause of the child's injuries "is 'impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on [her] behalf' " (Matter of Amodea D. [Jason D.], 112 AD3d 1367, 1368 [4th Dept 2013]). In particular, the mother failed to "demonstrate[ ] that there were 'relevant experts who would have been willing to testify in a manner helpful [and favorable] to [her] case[ ]' . . . , and her speculation that [her attorney] could have found an expert with a contrary, exculpatory medical opinion is insufficient to establish deficient representation" (Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1224-1225 [3d Dept 2015]; see Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1412 [4th Dept 2017]). The record establishes that, " 'viewed in the totality of the proceedings, [the mother] received meaningful representation' " (Matter of Bentleigh O. [Jacqueline O.], 125 AD3d 1402, 1404 [4th Dept 2015], lv denied 25 NY3d 907 [2015]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court