Matter of Leo M. (Alicia M.) (2024 NY Slip Op 00554)

Matter of Leo M. (Alicia M.)

2024 NY Slip Op 00554

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

964 CAF 22-01039

[*1]IN THE MATTER OF LEO M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ALICIA M., RESPONDENT-APPELLANT. (APPEAL NO. 2.)

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
SAM FADUSKI, BUFFALO, FOR PETITIONER-RESPONDENT.
EVELYNE A. O'SULLIVAN, EAST AMHERST, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered April 8, 2022, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, respondent appeals, in appeal Nos. 1 and 2, from two orders of fact-finding and disposition. In appeal No. 2, respondent appeals from an order that, inter alia, determined that she abused her grandson. In appeal No. 1, respondent appeals from an order that, inter alia, determined that she neglected her four minor children.
Contrary to the contention of respondent in appeal No. 2, we conclude that petitioner established a prima facie case of abuse against her with respect to the grandson (see Matter of Damien S., 45 AD3d 1384, 1384 [4th Dept 2007], lv denied 10 NY3d 701 [2008]; see generally Matter of Philip M., 82 NY2d 238, 243 [1993]). Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondent[ ], and (2) that [the] respondent[ was a] caretaker[ ] of the child at the time the injury occurred" (Philip M., 82 NY2d at 243; see Matter of Grayson R.V. [Jessica D.] [appeal No. 2], 200 AD3d 1646, 1648 [4th Dept 2021], lv denied 38 NY3d 909 [2022]). Here, there is no dispute that the grandson's injuries, which included fractured ribs and a lacerated liver, were non-accidental and would not have occurred in the absence of abuse. Moreover, petitioner established that the grandson had been in respondent's care for the four to five days prior to the onset of severe symptoms requiring his hospitalization, and that the injuries were sustained during a time span including those four to five days within which respondent and the grandson's mother were his only caretakers (see Philip M., 82 NY2d at 243; Matter of Avianna M.-G. [Stephen G.], 167 AD3d 1523, 1523-1524 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; see also Matter of Nancy B., 207 AD2d 956, 957 [4th Dept 1994]).
Inasmuch as petitioner "established a prima facie case, the burden of going forward shift[ed] to respondent to rebut the evidence of [caretaker] culpability" (Philip M., 82 NY2d at 244; see generally Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]). We reject respondent's contention that she rebutted the evidence of her culpability. Respondent "fail[ed] to offer any explanation for the child's injuries" and simply denied inflicting them (Philip M., 82 NY2d at 246; see Matter of Tyree B. [Christina H.], 160 AD3d 1389, 1389-1390 [4th Dept 2018]; Damien S., 45 AD3d at 1384). We therefore affirm the order in appeal No. 2.
With respect to the order in appeal No. 1, respondent has not raised any contentions concerning that order in her main brief on appeal, and we thus dismiss that appeal as abandoned (see Matter of Dagan B. [Calla B.] [appeal No. 3], 192 AD3d 1458, 1458-1459 [4th Dept 2021], appeal dismissed 37 NY3d 977 [2021]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court