Matter of Dorian C. (Cyncere G.) (2024 NY Slip Op 06486)

Matter of Dorian C. (Cyncere G.)

2024 NY Slip Op 06486

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

876 CAF 24-00036

[*1]IN THE MATTER OF DORIAN C. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
CYNCERE G., RESPONDENT-APPELLANT. (APPEAL NO. 3.)

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
AMY R. INZINA, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered December 18, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, respondent mother appeals in appeal No. 3 from an order of fact-finding and disposition that, inter alia, adjudged that she abused one of her children (middle child) who, when he was seven months old, was found to have sustained fractures in both arms, both legs, and several ribs. In appeal Nos. 1 and 2, the mother appeals from orders of fact-finding and disposition that, inter alia, adjudged that she derivatively abused her other two children. Following an evidentiary hearing, Family Court determined that petitioner established by a preponderance of the evidence that the mother caused the middle child's injuries, and thereby abused him and derivatively abused the other two children (see Family Ct Act § 1046 [a] [i], [ii]). The court further found that the mother had not satisfactorily rebutted petitioner's prima facie case of abuse. We affirm in each appeal.
Family Court Act § 1012 (e) (i) provides that a child is abused when the parent or other legally responsible adult "inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ" (emphasis added). Initially, to the extent the mother raises contentions in each appeal concerning the legal sufficiency of the evidence supporting the court's finding of abuse with respect to the middle child, her contentions are unpreserved for our review inasmuch as she failed to move to dismiss the petitions on that basis (see Matter of Lydia C. [Albert C.], 89 AD3d 1434, 1435-1436 [4th Dept 2011]; Matter of Syira W. [Latasha B.], 78 AD3d 1552, 1553 [4th Dept 2010]; see also Matter of Daniel D. [Tara D.], — AD3d —, 2024 NY Slip Op 05665, *1 [4th Dept 2024]).
In any event, we conclude that the mother's contentions with respect to the legal sufficiency of the evidence lack merit. Here, the evidence established that the middle child's "injuries were 'clearly inflicted and not accidental' " (Matter of Jonah B. [Ferida B.], 165 AD3d 787, 789 [2d Dept 2018]; see Daniel D., — AD3d at —, 2024 NY Slip Op 05665, *1), and that his injuries "create[d] a substantial risk" of much more serious injuries (Family Ct Act § 1012 [e] [i] [emphasis added]; see Daniel D., — AD3d at —, 2024 NY Slip Op 05665, *1; Matter of Addison M. [Bridgette M.], 173 AD3d 1735, 1736-1737 [4th Dept 2019]). "[U]nder the Family [*2]Court Act, a 'child need not sustain a serious injury for a finding of abuse as long as the evidence demonstrates that the parent sufficiently endangered the child by creating a substantial risk of serious injury' " (Jonah B., 165 AD3d at 789).
In addition, we conclude that there is legally sufficient evidence establishing that she inflicted or allowed to be inflicted the injuries to the middle child. Indeed, we have repeatedly upheld abuse determinations under similar circumstances (see e.g. Daniel D., — AD3d at —, 2024 NY Slip Op 05665, *1; Matter of Avianna M.-G. [Stephen G.], 167 AD3d 1523, 1523-1524 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; Matter of Tyree B. [Christina H.], 160 AD3d 1389, 1389 [4th Dept 2018]). Here, petitioner established a prima facie case of abuse by submitting " 'proof of injuries sustained by [the middle] child . . . of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent,' " i.e., fractures in both arms and both legs, and several fractured ribs, all in various stages of healing, which evidence suggests that the mother did not promptly seek medical attention for the child while in her care (Avianna M.-G., 167 AD3d at 1523, quoting Family Ct Act § 1046 [a] [ii]). Moreover, we conclude that the mother failed to rebut the presumption that she, as the middle child's parent, was responsible for his injuries (see id. at 1524).
For the same reasons, we reject the mother's contention in each appeal that the finding that she abused the middle child is not supported by a sound and substantial basis in the record (see generally Family Ct Act § 1046 [b] [i]; Matter of Zakiyyah T. [Lamar R.], 221 AD3d 1443, 1445 [4th Dept 2023], lv denied 41 NY3d 901 [2024]). Petitioner presented expert medical testimony establishing that the constellation of injuries sustained by the middle child—i.e., the multiple fractures to his limbs and ribs—along with the forces and mechanisms necessary to cause those injuries, could only have been caused by nonaccidental trauma. The mother offered no testimony to rebut the expert opinion. Based on our review of the record, we cannot say that the court erred in crediting the testimony of petitioner's expert and in declining to credit the testimony offered by the mother (see generally Zakiyyah T., 221 AD3d at 1445).
Finally, we conclude in appeal Nos. 1 and 2 that the court's finding of derivative abuse with respect to the mother's other two children based on evidence that she abused the middle child is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [a] [i]; [b] [i]; Matter of Deseante L.R. [Femi R.], 159 AD3d 1534, 1536 [4th Dept 2018]). The abuse of the middle child "is so closely connected with the care [of his siblings] as to indicate that [those children are] equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]; see Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]). The abuse "demonstrates such an impaired level of judgment by the [mother] as to create a substantial risk of harm for any child in her care" (Matter of Aaron McC., 65 AD3d 1149, 1150 [2d Dept 2009]; see Matter of Wyquanza J. [Lisa J.], 93 AD3d 1360, 1361 [4th Dept 2012]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court