Matter of Sofia M. (Erie County Dept. of Social Servs.) (2025 NY Slip Op 00778)

Matter of Sofia M. (Erie County Dept. of Social Servs.)

2025 NY Slip Op 00778

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

950 CAF 23-01015

[*1]IN THE MATTER OF SOFIA M.
and
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT; SHANNON G., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
GABRIELLE GANNON, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), dated June 2, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, determined she abused the subject child. We affirm.
"Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondent[ ], and (2) that [the] respondent[ ] [was] the caretaker[ ] of the child at the time the injury occurred" (Matter of Grayson R.V. [Jessica D.] [appeal No. 2], 200 AD3d 1646, 1648 [4th Dept 2021], lv denied 38 NY3d 909 [2022] [internal quotation marks omitted]; see Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Nancy B., 207 AD2d 956, 957 [4th Dept 1994]). Contrary to the mother's contention, petitioner established that the subject child's posterior rib fractures "would ordinarily not occur absent an act or omission of respondent[ ]" (Philip M., 82 NY2d at 243). Petitioner's expert in child abuse pediatrics testified that the child's injuries constituted "evidence of non-accidental trauma to a reasonable degree of medical certainty." Petitioner further established that the mother and the child's father were the caretakers of the child at the time the injury occurred (see Matter of Kevin V. [Sarah L.], 229 AD3d 1159, 1160 [4th Dept 2024]). Once petitioner "established a prima facie case, the burden of going forward shift[ed] to [the mother] to rebut the evidence of . . . culpability" (Philip M., 82 NY2d at 244; see generally Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]), which she failed to do.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court